Jennifer SHOOK, as a Shareholder on Behalf of
Delta P.C. & I., Inc. *v.* The CHANCERY COURT of
BENTON COUNTY, Arkansas, Division Two

00-1131                                    27 S.W.3d 745

Supreme Court of Arkansas
Opinion delivered October 10, 2000

*Michael Hodson* and *Kenneth Shemin*, for petitioner.

*Davis, Wright, Clark, Butt & Carithers, PLC*, by: *Mark W. Dossett*, for John Shook.

PER CURIAM. Petitioner Jennifer Shook, as a shareholder on behalf of Delta P.C.&I., Inc. (Delta), has filed a petition for writ of prohibition against respondent, The Chancery Court of Benton County, Arkansas Division Two, to halt the sale of Delta's assets. The petition asserts that the chancery court lacks subject-matter jurisdiction over Delta, since Delta was not a party to the underlying divorce action in Benton County Chancery Court, styled *Shook v. Shook*, Case No. E-97-2047-2. The sale of Delta's assets is set for 2:00 p.m., October 11, 2000, at the Benton County Courthouse. Specifically, Jennifer Shook, as a Delta shareholder, asks this court (1) to issue the writ of prohibition for the Delta asset sale; (2) to expedite our consideration of the matter; and (3) to stay all proceedings relating to Delta in Case No. E-97-2047-2.

John Shook rather than the respondent Chancery Court responded to the petition for writ of prohibition and maintained that the decree ordering the sale of Delta's assets as well as other property was entered almost a year ago on November 22, 1999, and Jennifer Shook did not appeal from that decree. He contends that she is using this original proceeding for a writ of prohibition in place of the appeal, which she waived.

■ We grant the stay with respect to the sale of Delta's real and personal property and direct the parties to file simultaneous briefs within thirty days on the question of whether the chancery court has subject-matter jurisdiction to issue a decree relating to a nonparty corporation. We also ask the parties to address whether Jennifer Shook, as a shareholder, has standing to file this prohibition petition on behalf of Delta and whether Delta was in effect a party before the chancery court because the two fifty percent shareholders in a Subchapter S Corporation (Delta) were before the court.

■ This stay will not apply to the sale of the shares of stock in Delta P.C.&I. Mechanical and Electrical, Inc., and Delta P.C.&I., Inc., and the other personal property, equipment, and furnishings listed in the Commissioner's Notice of Sale filed October 2, 2000. The stay is limited to the real and personal property of Delta P.C.&I., Inc. listed in the notice of sale.

GLAZE, J., not participating.