Jennifer SHOOK, as a Shareholder on Behalf of Delta P.C. & I, Inc. *v.* The Honorable Don HUFFMAN

00-1131 43 S.W.3d 735

Supreme Court of Arkansas
Opinion delivered May 17, 2001

*Hodson, Wood & Snively*, by: *Michael Hodson*; and *Shemin Law Firm*, by: *Kenneth Shemin*, for petitioner.

*Davis, Wright, Clark, Butt & Carithers, PLC*, by: *Mark W. Dossett*, for respondent.

R AY THORNTON, Justice. On September 15, 1997, petitioner, Jennifer Shook, filed a complaint seeking a divorce from John Shook. On January 20, 1999, petitioner's complaint was amended. John responded to both complaints. At the time of the divorce, the Shooks were each fifty-percent stockholders in Delta P.C. & I., Inc. [Delta], a subchapter S corporation. The corporation was not a party to the divorce proceedings.

On November 22, 1999, the Benton County Chancery Court entered a decree of divorce granting petitioner's request for divorce. The divorce decree ordered that all marital property was to be sold in a commissioner's auction, with the proceeds being distributed equally between the Shooks. The chancellor also ordered that the property and assets owned by Delta be sold in the commissioner's auction and that the proceeds be divided equally between the Shooks.

Neither Jennifer Shook nor John Shook appealed the divorce decree. However, eleven months later, Jennifer, as a shareholder in Delta, filed a petition for a writ of prohibition with this court on behalf of Delta. Jennifer argued that the chancery court of Benton County did not have subject-matter jurisdiction to order the sale of Delta's assets because Delta was not a party to the divorce action. Jennifer requested that we issue a writ of prohibition and that we stay the commissioner's sale. To assist in our consideration of whether to issue a writ of prohibition, we granted a partial stay of

the sale, and directed that the parties brief the issues. *See Shook v. Chancery Ct. of Benton County*, 342 Ark. 276, 27 S.W.3d 745 (2000)(*per curiam*).

 This case is now presented as an original action for a writ of prohibition. We have noted that the purpose of a writ of prohibition is to prevent a court from exercising a power not authorized by law when there is no adequate remedy by appeal or otherwise. *Young v. Smith*, 331 Ark. 525, 964 S.W.2d 784 (1998). It is well settled that a writ of prohibition is an extraordinary writ. *Id.* The party seeking to proceed by petition for writ of prohibition bears the burden of demonstrating that it is clearly entitled to so proceed. *Ramirez v. White County Cir. Ct.*, 343 Ark. 372, 38 S.W.3d 298 (2001). The writ is appropriate only when there is no other remedy, such as an appeal, available. *Id.*

██ In this case, the order that Jennifer challenges was entered on November 22, 1999. At the time the order was entered, Jennifer Shook, John Shook, and Delta each had available remedies for challenging the chancellor's decree. None of the parties exercised their right to challenge the order. Additionally, we note that the record before us does not reflect that a derivative action was filed in this matter with the chancery court. We hold that Jennifer cannot now bring a petition to this court seeking the equitable remedy afforded by Rule 23.1 of the Arkansas Rules of Civil Procedure in an original action for a writ of prohibition. *See Hames v. Cravens*, 332 Ark. 437, 966 S.W.2d 244 (1998)(holding that a shareholder's derivative suit is an equity action maintainable in chancery court). Accordingly, the petition for a writ of prohibition is denied, and the stay ordered in our previous *per curiam* is dissolved.

GLAZE, J., not participating.