2012 Ark. 285

**Louis Dudley BROWN, Petitioner**

v.

**Robert Bynum GIBSON, Jr., Circuit Judge, Respondent.**

No. CR 12–355.

Supreme Court of Arkansas.

June 21, 2012.

Louis Dudley Brown, Pro Se appellant.

No response from appellee.

## PER CURIAM.

The prosecuting attorney in Drew County filed an information charging the petitioner Louis Dudley Brown with having committed three felony drug-related counts on August 5, 2010. On October 17, 2011, October 24, 2011, and February 15, 2012, petitioner filed four pro se pleadings in those proceedings.[1] Of the two pleadings filed on October 17, 2011, one challenged the court's jurisdiction, asserting that the court was limited to hearing equity cases, and the other purported to claim petitioner's citizenship and assert his civil liberties. The October 24, 2011 pleading was a notice of appeal that referenced the issue raised by petitioner challenging the trial court's jurisdiction in the matter. That pleading alleged that the trial court had "disallowed all discussion thereon by demanding that [petitioner] not say another word or risk being 'incarcerated.'" The last-filed pleading was a "notice and demand for order of court assuming jurisdiction in the instant case," which, again, referenced a challenge by petitioner to the trial court's jurisdiction. It asserted that an order was needed so that it could be included in a record for appeal.

On April 30, 2012, petitioner filed this petition for writ of mandamus, in which he seeks an order from this court directing the circuit judge in his case, respondent Robert Bynum Gibson, Jr., to issue an order disposing of the pro se pleadings. As we discuss further below, it may be, but is less clear, that petitioner simply wishes some disposition of the pleadings. It appears that petitioner more specifically requests that a written order be entered on the record addressing the merits of his arguments concerning the court's assumption of jurisdiction in the criminal proceeding so that he can seek interlocutory review. We deny the petition because petitioner has not provided a record that demonstrates that issuance of the writ is appropriate. He has not established that the trial court did not adequately dispose of the pleadings on the record or that the trial court had a duty to enter a written order that addressed the merits of his jurisdictional challenge. He has failed to show that he had a right to the relief that he seeks.

A writ of mandamus is issued to enforce an established right or to enforce the performance of a duty. *Kelley v. Norris*, 2012 Ark. 86, 2012 WL 664273. It is appropriate only where (1) the duty to be compelled is ministerial and not discretion-

---

1. The partial record shows that the court had entered a not-fit-to-proceed commitment order that stayed the proceedings on November 18, 2010. The court's docket shows another forensic report was filed on June 28, 2011, and orders were entered setting a hearing and trial date shortly afterward. No order doing so was included in the record or noted on the docket, but, presumably, the stay had been lifted when the pro se pleadings were filed.

ary, (2) the petitioner has shown a clear and certain right to the relief sought, and (3) the petitioner lacks any other adequate remedy. *Strain v. State*, 2012 Ark. 184, 423 S.W.3d 1 (per curiam). As an applicant for an extraordinary writ, petitioner carries the burden to demonstrate that the relief he seeks is merited. *See Shook v. Huffman*, 345 Ark. 43, 43 S.W.3d 735 (2001) (a party seeking a writ of prohibition was held to [3bear the burden of demonstrating that it was clearly entitled to so proceed).

■ The issue key to petitioner's claim here is whether the trial court had failed to perform a ministerial duty by not providing a written order in response to petitioner's pro se pleadings. A court does have a ministerial duty to timely act upon pleadings filed in that court, regardless of the merit of those pleadings, and this court may grant a request for the writ where a court fails to act upon pleadings within a timely manner. *See Nelson v. Glover*, 2012 Ark. 207, 2012 WL 1631805 (per curiam); *Higgins v. Proctor*, 2009 Ark. 496, 2009 WL 3235529 (per curiam). In *Higgins*, an oral order that may have previously been provided was insufficient to dispose of the matter, which was one subject to direct appeal.

The respondent's circuitous argument is that no ruling concerning the merit of petitioner's claims in the pro se motions was necessary because the trial court already had jurisdiction over the proceedings. As we indicated in *Nelson*, the fact that a pleading may lack merit or be entirely frivolous does not excuse the court from performance of its duty to act on the pleading. Petitioner may or may not have had the appropriate status to require the court to address the merits of the issue, but some ruling was required, and respondent's argument therefore fails. *See*

*Monts v. Lessenberry*, 305 Ark. 202, 806 S.W.2d 379 (1991) (per curiam).

Because the focus—if not the sole point—of the petition for mandamus is a written order, the parties have not addressed whether some oral disposition of the pleadings occurred or if any oral disposition was adequate. Petitioner's reference to the apparent threat of contempt in one of his pleadings makes it seem likely that he may have been cautioned by the court that it would not consider the pleadings, and certain that there was an attempted discussion of the pleadings at a hearing. The record petitioner provides, however, does not include a transcript [4that would make clear what discussion occurred, and the respondent's response to the petition does not indicate that the court advised petitioner that the arguments in his pro se pleadings would not be considered, struck the motions, or otherwise provided any ruling on the pro se motions on the record. If the trial court advised petitioner that the pro se pleadings would not be considered, his standing before the court concerning whether he was represented by counsel would determine whether a written order was required.

Petitioner does not assert that he had waived his right to counsel, and the record in this case does not establish that petitioner was proceeding pro se at the time that he filed the pro se motions. There are references in the record before us to counsel for the defendant. There is nothing that would tend to indicate that the attorney was acting as stand-by counsel. Without pro se status before the court, petitioner was not entitled to the court's consideration of his pro se motions, and the content of the motions was not such that it would have been outside the trial court's discretion to disregard both motions and defer to counsel's judgment to

present the issue, if at all, in a more appropriate manner.

■■■ A defendant who invokes his right to counsel before trial by retaining an attorney or accepting appointment of counsel may be found to have waived his right to self-representation at trial and also in pretrial proceedings. *Id.* There is no right to hybrid representation. *Id.* The right to self-representation does not confer a license to abuse the dignity of the courtroom, and it is not a license not to comply with relevant rules of procedural and substantive law. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The right to self-representation is not absolute, and, in fact, a defendant's pro se status may be terminated in situations where a defendant has demonstrated disruptive behavior or used the right as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process. *See United States v. Mabie,* 663 F.3d 322 (8th Cir.2011).

■■■ When a defendant does not proceed pro se, with the exception of certain fundamental decisions such as whether a plea is to be entered, whether to waive jury trial, and whether the client will testify, it is the attorney's duty to take professional responsibility for the conduct of the case, after consulting with his client. *Monts,* 305 Ark. 202, 206, 806 S.W.2d 379, 381–82. Unless petitioner waived his right to counsel and was proceeding pro se, he was not entitled to consideration of the merits of the motions by the court, and, at the trial court's discretion, the motions could be struck. *Id.*

In *Monts,* this court held that, when a defendant who is represented by counsel files a pro se pretrial motion, the trial court should exercise its discretion to strike the motion on the ground that the defendant is represented by counsel—and, thus, was not entitled to proceed pro se—

or otherwise make an appropriate ruling on the motion. We acknowledged that the court had a duty to provide an appropriate order that disposed of the motions by striking or otherwise acting upon the motion, although what order was issued is clearly within the court's discretion. *Monts,* 305 Ark. 202, 806 S.W.2d 379. *Monts* granted a petition for writ of mandamus and directed the trial court to issue an order that either struck the pro se pleading or acted on it.

In *Monts,* there was no open question that the defendant was represented by counsel, and the respondent's position was that there was no duty for the court to respond to a pro se pretrial motion in that situation. *Monts* established that there is a duty to respond, contrary to the respondent's position, and that the court's response must be made a matter of record. *Id.* It appears that petitioner would have us go further and not simply require a response on the record, but require entry of a written order addressing the merits of the issue presented.

In this case, we do not know whether petitioner was represented by counsel, but petitioner has not demonstrated that he was not. In order to carry his burden to demonstrate that the court had a duty to provide a written order addressing the merits, petitioner must show that he was proceeding pro se before the court; otherwise he was not entitled to an order addressing the merits, and no written order would be required in order to provide an appropriate order.

In *Monts,* we did not require that the order address the merits of the pro se pleadings or that the disposition of the pleadings must be through a written, appealable order. In that case, the issue was one that was subject to interlocutory review and a written order may have been

appropriate, if the court chose to address the merits and counsel made a decision to seek interlocutory review. An order denying a motion for dismissal on the basis of a speedy-trial violation may be subject to interlocutory review through a petition for a writ of certiorari, or, under the previous rules of procedure applicable when *Monts* was decided, through motion for a writ of prohibition. *See* Ark. R.Crim. P. 28.1(d) (2008) & (2011); *see also Murria v. Chandler*, 2011 Ark. 56, 2011 WL 539124 (per curiam); *Williams v. State*, 371 Ark. 550, 268 S.W.3d 868 (2007). Because it was not the pro se litigant's decision to seek interlocutory review, however, the trial court would have no duty to provide a written order for that purpose without a request from counsel.

With pro se status before the court and some basis for an interlocutory review, a petitioner may be able to demonstrate that he was entitled to a written order granting or denying the pro se motions when requested. This court has permitted interlocutory appeal of an order that challenged the trial court's ruling on an issue of jurisdiction. *See C.H. v. State*, 2010 Ark. 279, 365 S.W.3d 879. Certiorari may be appropriate where a challenge to the court's subject-matter jurisdiction is raised. *See State v. D.S.*, 2011 Ark. 45, 378 S.W.3d 87.

If petitioner was represented by counsel and not proceeding before the court pro se, the trial court had an obligation to provide a disposition of the pro se pleadings on the record, but the trial court has discretion to address the merits of the pro se pleadings or to strike the pleadings. While *Monts* requires this be done on the record, petitioner has not established that a written order was necessary. An oral disposition of the matter, which would not be sufficient for an interlocutory review, would nevertheless be subject to review on petitioner's direct appeal, should petitioner be convicted. With an oral disposition on the record, a petitioner without pro se status would still have a remedy through appeal. Without pro se status, the decision to seek interlocutory review of the jurisdictional issue, if the trial court reached it, would be counsel's. Petitioner would have no right to a written order, at his pro se request, that provided a ruling on the issue.

Under the circumstances here, petitioner has failed to make a showing that he had pro se status, and we will not order the trial court to issue a written order on the merits of his claims. To the extent that petitioner may be requesting only that the trial court dispose of the pro se pleadings on the record, he has not established that the trial court failed to do so. While the respondent does not clarify in its stated position what occurred in that regard, petitioner's own assertions tend to support the conclusion that the trial court did advise him in a hearing that argument on the pro se pleadings would not be considered. Petitioner has not brought up a sufficient record concerning those discussions for this court to make a determination that the trial court failed to dispose of the pleadings appropriately. The burden is on a petitioner to bring up a record sufficient to support the petitioner's grounds for relief. *Davis v. State*, 2012 Ark. 70, 2012 WL 503883 (per curiam). Accordingly, we hold that petitioner has failed to meet his burden to show that the writ is warranted, and we deny the petition.

Petition denied.