SLIP OPINION

Cite as 2014 Ark. 284

# SUPREME COURT OF ARKANSAS

No. CR-12-887

| | | |
|---|---|---|
| GARLAND GREEN | | **Opinion Delivered** June 19, 2014 |
| | APPELLANT | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-08-4448] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE JOHN B. PLEGGE, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

## PER CURIAM

In 2010, appellant Garland Green was found guilty in a trial to the bench of attempted capital murder, possession of a firearm by a felon, and first-degree battery. He was sentenced to an aggregate term of 120 months' imprisonment. The Arkansas Court of Appeals affirmed. *Green v. State*, 2011 Ark. App. 700.

Appellant subsequently filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010). After conducting a hearing, the trial court denied appellant's petition, and he brings this appeal. Our jurisdiction to entertain the appeal is pursuant to Rule 37 and Arkansas Supreme Court Rule 1-2(a)(8) (2013).

We first note that the transcript of the Rule 37.1 hearing was not made a part of the record in this appeal, and appellant did not file a petition for writ of certiorari or a motion to

supplement the record to bring up the hearing transcript.[1] The appellant bears the burden of producing a record demonstrating error. *Greene v. State*, 2013 Ark. 251 (per curiam); *Jackson v. State*, 2012 Ark. 41 (per curiam). As to the duty of the appellant to produce an adequate record for an appeal, the pro se litigant is held to the same standards as licensed attorneys inasmuch as an adequate record is necessary if this court is to make a finding of error. *See Brown v. Gibson*, 2012 Ark. 285, 423 S.W.3d 34 (per curiam); *see also Lucas v. Jones*, 2012 Ark. 365, 423 S.W.3d 580.

This court has held that it will reverse the circuit court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Hayes v. State*, 2014 Ark. 104, ___ S.W.3d ___. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Johnson v. State*, 2014 Ark. 74; *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

In his petition, appellant contended that his trial counsel was ineffective in several ways. On appeal, he reiterates some of the claims of ineffective assistance of counsel contained in the petition, and it is those allegations that are the bases for the points for reversal in this appeal. All other allegations of ineffective assistance of counsel and any other arguments made below

---

[1]Appellant filed in this court a motion to supplement the record with the record of his trial that was lodged in the direct appeal. The motion was declared moot because it is not necessary in a postconviction appeal for an appellant to seek leave to add the direct-appeal record in the same criminal case to the record lodged in the postconviction appeal. *Green v. State*, 2013 Ark. 132 (per curiam). The direct-appeal record is automatically considered to be consolidated with the postconviction-appeal record. *Drymon v. State*, 327 Ark. 375, 938 S.W.2d 825 (1997) (per curiam).

SLIP OPINION

but not raised on appeal are considered abandoned. *See Anthony v. State*, 2014 Ark. 195 (per curiam).

When considering an appeal from a trial court's denial of a Rule 37.1 petition on grounds that counsel was ineffective, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Harrison v. State*, 2012 Ark. 198, 404 S.W.3d 830.

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable

SLIP OPINION

probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

To understand the points raised in appellant's brief, a recitation of the facts of the case is helpful. In 2008, appellant and Rufus Worsham engaged in a physical altercation at a motorcycle club. A witness testified that, after the fight, Worsham ran outside to his truck but could not get in it because it was locked. Appellant followed him and shot him several times. Another witness testified that she had seen a gun in Worsham's waistband before the fight, that she witnessed the fight, that she saw Worsham run to his truck followed by appellant, and that Worsham moved in what she believed was a threatening manner toward appellant, which caused appellant to begin firing the gun at Worsham. Another witness also testified that Worsham had been armed with a gun when the fight began. There was also testimony that several bullets struck Worsham while he was near his truck and that he ran away and attempted to hide, but appellant drove around the neighborhood until he found Worsham and shot him again.

4

(Worsham had a total of five bullet wounds.) Appellant testified that he took Worsham's gun during the fight and followed him outside because he thought Worsham was intending to retrieve another gun from the truck. Appellant said that Worsham rushed at him, threatening to kill him, at which time he began shooting at Worsham. Appellant denied chasing Worsham down and shooting him again.

Appellant argues on appeal that there were obvious signs of tampering with physical evidence and "false swearing" by witnesses in the police report. Appellant's Rule 37.1 petition was convoluted and difficult to follow, and those issues were not raised in the petition in those words. To the extent that some of the allegations in the petition could be construed to cover the claims, however, appellant was entitled to no relief because the claims were conclusory without factual substantiation to establish that appellant was prejudiced. Conclusory allegations are insufficient to overcome the presumption that counsel is effective under *Strickland. Mathis v. State*, 2014 Ark. 148 (per curiam). In his brief, appellant merely makes the statement that counsel knew of the tampering and false swearing, but he offers no argument to demonstrate that counsel was ineffective.

Appellant next argues on appeal that counsel erred in failing to secure the testimony of witnesses who could have given evidence favorable to the defense, including six alibi witnesses and an "expert witness" who could have testified on forensic evidence regarding the trajectory of the bullets and the crime scenes where Worsham had been shot. The claim, as set out in the petition and in appellant's brief, does not establish ineffective assistance of counsel under the *Strickland* standard because appellant has largely failed to state specifically what the witnesses'

testimony would have been. His general statement that the witnesses would have given testimony favorable to the defense was not sufficient to show that counsel was remiss in not calling a particular witness. *See Breeden v. State*, 2014 Ark. 159, ___ S.W.3d ___ (per curiam).

With respect to those witnesses that appellant did name in his petition as being favorable defense witnesses who were not called, appellant offered no statement of compelling evidence that any of the persons could have provided testimony to countermand the evidence against appellant when that evidence is considered in its totality. Appellant further alleged that counsel had statements made by Worsham and a man who witnessed the fight that were inconsistent and that counsel failed to properly interview either man to prepare impeachment material for when they testified at his trial. The claims were not enough to overcome the presumption that counsel was effective under the *Strickland* standard because appellant offered no factual basis from which it could be determined that the allegedly inconsistent statements were admissible at his trial. Accordingly, he has failed to meet his burden under the first prong of *Strickland* in that he has not demonstrated that counsel's performance fell below an objective standard of reasonableness. Nor has appellant met the second prong under *Strickland* because he has failed to demonstrate that he was prejudiced by defense counsel's failure to interview a particular witness or to secure the witness's testimony at trial. Appellant must do more than allege prejudice; he must demonstrate it with facts. *Stiggers v. State*, 2014 Ark. 184, ___ S.W.3d ___ (citing *Walton v. State*, 2013 Ark. 254 (per curiam)).

On appeal, appellant relies to some degree on the general claim that there was a failure on trial counsel's part to conduct an adequate pretrial investigation. To warrant postconviction

relief on the ground that counsel was ineffective for failure to perform adequate investigation, a petitioner must delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific materials that would have been uncovered with further investigation could have changed the trial outcome. *Bryant v. State*, 2013 Ark. 305, ___ S.W.3d ___ (per curiam). The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting a Rule 37.1 petition. *Dixon v. State*, 2014 Ark. 97 (per curiam) (citing *Abernathy*, 2012 Ark. 59, 386 S.W.3d 477). Here, appellant fails to provide facts sufficient to show that he was prejudiced by counsel's failure to properly investigate the case before trial.

Having considered the arguments raised by appellant in this appeal, the record, and the order rendered by the trial court, there are no grounds on which to reverse the trial court's ruling. Accordingly, the order is affirmed.

Affirmed.

*Garland Green*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.