SLIP OPINION

Cite as 2016 Ark. 459

# SUPREME COURT OF ARKANSAS

No. CR–16–245

| | |
|---|---|
| MICHAEL LEE WILLIAMS<br><br>                              APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>                              APPELLEE | **Opinion Delivered:** December 15, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT<br>[NO. 60CR-12-3694]<br><br>HONORABLE HERBERT T. WRIGHT, JR., JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Appellant, Michael Lee Williams, appeals the Pulaski County Circuit Court's denial, following a hearing, of his petition for postconviction relief filed pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. For reversal, Williams maintains that his counsel was ineffective for failing to present exculpatory testimony or statements from three codefendants. We agree with the circuit court that Williams's argument is without merit. Accordingly, we affirm the denial of postconviction relief.

Williams was convicted by a Pulaski County jury of five counts of aggravated robbery and five counts of theft of property obtained by threat of serious physical injury. He was sentenced to a total of fifty years' imprisonment. The Arkansas Court of Appeals affirmed the judgment. *Williams v. State*, 2014 Ark. App. 561, 444 S.W.3d 877.

Williams contends that his trial counsel was ineffective for not calling three witnesses at trial, Antonio Bozeman, Joe Bell, and Johnathan Hattison. At the Rule 37 hearing, the witnesses testified that Williams accompanied them to the crime scene but that he remained

in the car and did not participate in the robberies. Williams claims that the circuit court erroneously denied relief because each of the witnesses would have testified at his trial that he did not participate in the crimes. However, Williams's trial counsel, Don Trimble, testified that his defense strategy was that Williams was not present at the crime scene. The focus of his case was one of misidentification, in part due to Williams's facial scars that witnesses failed to describe in their identification. Thus, Williams's counsel did not offer the testimony of the subject witnesses because it would have undermined his trial strategy by placing Williams at the scene at the time of the robberies. The circuit court concluded that Williams's counsel's failure to offer testimony that would have undercut this theory of the case was reasonable trial strategy.

This court does not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that the circuit court made a mistake. *Id*. In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *Id.*

Our standard of review requires that we assess counsel's effectiveness under the two-prong standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). In asserting ineffective assistance of counsel pursuant to *Strickland*, the petitioner first must show that counsel's performance was deficient. *McDaniels v. State*, 2014 Ark. 181, 432 S.W.3d 644. This requires a showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth

Amendment. *Id.* Additionally, counsel is allowed great leeway in making strategic and tactical decisions, particularly when deciding not to call a witness. *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000). "[M]atters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for finding ineffective assistance of counsel." *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

Second, the petitioner must show that counsel's deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Id.* In doing so, the petitioner must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

Unless a petitioner makes both *Strickland* showings, it cannot be said that the conviction resulted from a breakdown of the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendants make an insufficient showing on one." *Anderson v. State*, 2011 Ark. 488, at 3–4, 385 S.W.3d 783, 786–87 (quoting *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052).

Given this precedent, we affirm the circuit court's finding that it was reasonable trial strategy for Williams's counsel not to proffer the testimony of individuals who would have undercut his case theory. The decision whether or not to call particular witnesses is a matter

of professional judgment, and even if another attorney would have chosen a different course, it is not grounds for postconviction relief on the basis of ineffective assistance of counsel. *See Noel*, 342 Ark. at 42–43, 26 S.W.3d at 128. Because Williams does not meet his burden of proof on the deficiency prong of the *Strickland* test, we hold that the circuit court did not clearly err in denying Rule 37 relief. *See Anderson*, 2011 Ark. 488, at 3–4, 385 S.W.3d at 786–87. We affirm the circuit court's denial of postconviction relief.

Affirmed.

*Jeff Rosenzweig*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee