ROBIN F. WYNNE, Associate Justice
Angela Zimmerman has filed a petition for writ of certiorari in which she contends that her right to speedy trial has been violated. This court voted to take the petition as a case and ordered the parties to submit briefs. We grant the petition.
Zimmerman was arrested on charges of theft of property over $25,000 and second-degree forgery on September 10, 2012. An information charging her with those offenses was filed on December 6, 2012. Zimmerman was arraigned on December 11, 2012. During the arraignment, she indicated that she wished to hire counsel. She was ordered to appear on February 19, 2013. She appeared on that date with counsel and requested a continuance, which was granted. The circuit court subsequently granted four additional requests for continuance by Zimmerman. On October 21, 2013, the State made an oral motion to nolle prosequi the charges against Zimmerman. It appears from the record that the motion was based on Zimmerman's agreement to pay restitution to the victim. The motion was orally granted by the circuit court. The State subsequently filed a written motion for nolle prosequi. A written order granting the motion was filed on March 17, 2014.
The State filed a new criminal information on August 7, 2014, again charging Zimmerman with theft of property over $25,000 and second-degree forgery. Hearings were set for September 16, 2014, January 20, 2015, and April 21, 2015. On each of these dates, Zimmerman failed to appear and her whereabouts were unknown. On April 29, 2015, Zimmerman was arrested on a warrant issued when the charges against her were refiled. She appeared with counsel on May 12, 2015, and requested and was granted a continuance. She subsequently requested and was granted a series of continuances that resulted in the case being continued until April 26, 2017.
On March 24, 2017, Zimmerman filed a motion to dismiss for failure to provide her with a speedy trial. Following a hearing on the motion, the circuit court entered an order denying the motion on May 25, 2017. On July 8, 2017, Zimmerman filed a motion for reconsideration of the order denying her motion to dismiss, which was denied by the circuit court. Zimmerman filed the instant petition for writ of certiorari on October 16, 2017.
This court has held that an order denying a motion to dismiss based on a speedy-trial violation may be subject to review through a petition for writ of certiorari. Ark. R. Crim. P. 28.1(d) (2017); Brown v. Gibson , 2012 Ark. 285, 423 S.W.3d 34. There are two requirements that must be satisfied for this court to grant a writ of certiorari. Pedraza v. Cir. Ct. of Drew Cty. , 2013 Ark. 116, at 8, 426 S.W.3d 441, 446. The first requirement for a writ of certiorari is that there can be no other adequate remedy but for the writ of certiorari. Id. Second, a writ of certiorari lies only when (1) it is apparent on the face *408 of the record that there has been a plain, manifest, clear, and gross abuse of discretion, or (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. Id. Certiorari is not to be used to look beyond the face of the record to ascertain the actual merits of a controversy, to control discretion, to review a finding upon facts, or to review the exercise of a court's discretionary authority. Id. This court has held that the writ of certiorari may not be used as a substitute for an appeal. Conner v. Simes , 355 Ark. 422, 429, 139 S.W.3d 476, 480 (2003).
Zimmerman has alleged a violation of her right to speedy trial. Arkansas Rule of Criminal Procedure 28.1(c) provides that
[a]ny defendant charged with an offense and held to bail, or otherwise lawfully set at liberty, including released from incarceration pursuant to subsection (a) hereof, shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.
Once a defendant establishes a prima facie case of a speedy-trial violation, i.e., that his or her trial took place outside the speedy-trial period, the State bears the burden of showing that the delay was the result of the defendant's conduct or was otherwise justified. Branning v. State , 371 Ark. 433, 267 S.W.3d 599 (2007). The trial court found that 1,656 days passed between Zimmerman's initial arrest and the filing of her motion to dismiss. The trial court also found that 1,347 of those days were excluded under Rule 28.3(c), leaving 309 days during which speedy trial was not tolled. This would leave the State with fifty-six days to bring Zimmerman to trial. In her petition, Zimmerman stipulates to 987 days of excluded time. She challenges the trial court's findings as to two periods of time: December 11, 2012, through February 19, 2013 (a period of seventy days), and October 21, 2013, through March 17, 2014 (a period of 290 days).
The 290-day period from October 21, 2013, through March 17, 2014, is the time from the date of the State's oral motion to nolle prosequi to the entry of the written order granting the motion. The trial court determined that this period was excluded pursuant to Arkansas Rule of Criminal Procedure 28.3(f), which provides that the time between a dismissal or nolle prosequi upon motion of the prosecuting attorney and the time the charge is later filed for the same offense is excluded in computing the time for trial. Zimmerman contends that this period should not be excluded because the nolle prosequi of the charges did not become effective until the written order was entered on March 17, 2014.
The State contends that Zimmerman's challenge to this period is not preserved because she agreed at the October 21, 2013 hearing that the State had time to refile the charges, thus waiving any challenge to speedy trial. While Zimmerman's counsel did agree that the applicable statute of limitations would permit the State to refile the charges (which it later did), there is no indication that Zimmerman agreed that speedy trial would be tolled from the date of the motion for nolle prosequi, nor is there anything in the record to suggest that the trial court ever indicated that speedy trial was tolled on October 21, 2013. Zimmerman's challenge to this period is preserved for appeal.
We hold that the nolle prosequi did not became effective until the written order was entered. This court has held that entry of a nolle prosequi is a final order.
*409 State v. C.W. , 374 Ark. 116, 286 S.W.3d 118 (2008). Pursuant to Arkansas Supreme Court Administrative Order No. 2, an oral order announced from the bench does not become effective until reduced to writing and filed. Carr v. Nance , 2010 Ark. 25, 2010 WL 199626. A judgment or decree is effective only when so set forth and entered as provided in Administrative Order No. 2. Ark. R. Civ. P. 58 (2017). Administrative Order No. 2 and Rule 58 have been applied to criminal judgments. See Bradford v. State , 351 Ark. 394, 94 S.W.3d 904 (2003). Administrative Order 2(b)(2) (2017) states that an order is "entered" when the clerk marks or stamps it with the date and time and the word "filed."
Here, the circuit court orally granted the motion to nolle prosequi and indicated that the motion was granted on the record of appearance for October 21, 2013. While the record of appearance is a written document, it was never stamped or marked "filed" by the clerk. Therefore, there was no document, filed of record, dismissing the charges by nolle prosequi until the written order was filed on March 17, 2014. The State appears to contend that the excluded time begins when the motion is made. The State's argument is based on a mistaken reading of Rule 28.3. Under the plain language of Rule 28.3, speedy trial is not tolled until the charges are either dismissed or nolle prossed.
The State also cites Arkansas Code Annotated section 16-85-713 (Repl. 2005), which provides that the prosecuting attorney shall not enter a nolle prosequi or abandon an indictment without leave of the court and without it first being entered on the docket. To the extent the State is contending that entry on the docket makes a nolle prosequi effective, it is mistaken. Section 16-85-713 does not speak to when a nolle prosequi becomes effective. Further, even if it could be read to do so, statutes are given deference only to the extent that they are compatible with our rules, and conflicts which compromise these rules are resolved with our rules remaining supreme. Reed v. State , 317 Ark. 286, 878 S.W.2d 376 (1994). Our rules provide that a bench ruling must be written and filed to be effective.
Under our rules, the nolle prosequi did not become effective until March 17, 2014. The trial court erred in determining that speedy trial was tolled during the period from October 21, 2013, to March 17, 2014. Adding this period of 290 days to the 309-day period during which the trial court found that speedy trial was not tolled brings the total number of days during which speedy trial was not tolled well over the 365-day limit. Zimmerman's right to speedy trial was violated, and her petition for writ of certiorari is granted.
Because we grant Zimmerman's petition based on her challenge to the period from October 21, 2013, to March 17, 2014, it is unnecessary for us to consider her challenge to the period from December 11, 2012, to February 19, 2013.
Petition granted.
Wood, J., dissents.