Cite as 2024 Ark. 141

# SUPREME COURT OF ARKANSAS

No. CR–23–706

|  |  |
|---|---|
| | **Opinion Delivered:** September 26, 2024 |
| TYLER JOSEPH BAREFIELD | |
| APPELLANT | APPEAL FROM THE POPE COUNTY CIRCUIT COURT |
| V. | [NO. 58CR-16-764] |
| STATE OF ARKANSAS | HONORABLE DAVID N. LASER, |
| APPELLEE | JUDGE BY ASSIGNMENT |
| | AFFIRMED. |

**CODY HILAND, Associate Justice**

Tyler Joseph Barefield appeals from the denial of postconviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure. Barefield contends that the Pope County Circuit Court erred in determining that his trial counsel's actions were sufficient and nonprejudicial. As the appellant's claims are without merit, we affirm.

## I. *Factual Background*

In 2017, a Pope County jury convicted Barefield of two counts of capital murder for the deliberate and premeditated murders of Aaron Brock and Beau Dewitt. Barefield was sentenced to life without parole for each count. Additionally, the jury convicted Barefield for his use of a firearm to commit each murder and sentenced him to an additional 180-month term of imprisonment for such use. This court affirmed Barefield's convictions on direct appeal. *See Barefield v. State*, 2019 Ark. 149, at 1, 574 S.W.3d 142, 144. The facts surrounding Barefield's murder of Brock and Dewitt are straightforward.

1

On September 16, 2016, Barefield learned of a large opening in his salvage yard's fence and expressed his intention to stop the suspected trespassers from using it that evening. In anticipation of the trespassers' arrival, Barefield donned camouflage, armed himself with a rifle, and lay in wait for them. Brock and Dewitt eventually arrived at Barefield's salvage yard and entered the property under the surrounding fence. Shortly after midnight the next morning, a witness called 911 and reported hearing four gunshots. Barefield ambushed Brock and Dewitt as they trespassed upon his salvage yard.

Barefield then left the salvage yard and returned to his business office with his rifle in hand. He then left the property altogether. Later that morning, Barefield returned to the premises and continued normal operations. A few days later, Brock's and Dewitt's bodies were found in a stack of crushed vehicles inside Barefield's salvage yard. Barefield was then subsequently charged with the capital murder of Brock and Dewitt. Barefield's trial took place in October and November 2017, and he was convicted by a Pope County jury. Substantial evidence proved that Barefield murdered Brock and Dewitt and subsequently disposed of their bodies by placing them in a vehicle and crushing them in an industrial compactor.

On direct appeal, Barefield argued two points. We affirmed on both. Barefield then filed a writ of certiorari to the Supreme Court of the United States, which was denied. *See Barefield v. State*, 140 S. Ct. 671 (2019). Thereafter, we issued the mandate in his direct appeal. After our ruling, Barefield filed a petition for postconviction relief to the Pope County Circuit Court under Rule 37, which he later amended. Barefield alleged many failures on the part of his trial counsel. The Pope County Circuit Court denied Barefield's

Rule 37 petition and adopted the State's proposed findings of fact and conclusions of law.[1]

Barefield now appeals, and we affirm.

## II.  *Law and Analysis*

This court will not overturn the denial of postconviction relief absent a finding of clear error. *Harmon v. State*, 2023 Ark. 179, at 2, 678 S.W.3d 390, 392; *Williams v. State*, 2016 Ark. 459, at 2, 504 S.W.3d 603, 605. A finding is considered clearly erroneous when, despite some supporting evidence, our review of the entire record leaves us with a definite and firm conviction that an error has occurred. *Id.* at 2, 678 S.W.3d at 392; *Id.* at 2, 504 S.W.3d at 605.

We review ineffective-assistance-of-counsel claims using the two-step analysis arising out of *Strickland v. Washington*, 466 U.S. 668 (1984). *See Harmon*, 2023 Ark. 179, at 4, 678 S.W.3d at 393. Under *Strickland*, a petitioner is required to show that their trial counsel's performance was deficient and then due to such deficiencies it prejudiced their defense. *Id.* at 4, 678 S.W.3d at 393.

Regarding the threshold issue of deficiency, we presume that a trial counsel's performance was sufficient. *Holland v. State*, 2022 Ark. 138, at 2, 645 S.W.3d 318, 321. To overcome that strong presumption, the petitioner must demonstrate specific acts and

---

[1]Barefield attempts to assert a preliminary argument that the circuit court erred when its oral order differed from its final written order. Barefield claims that such error entitles him to relief on all points. He is mistaken. We maintain that "an oral order announced from the bench *does not become effective until reduced to writing and filed*." *Perkins v. State*, 2019 Ark. 247, at 3, 582 S.W.3d 1, 3 (emphasis added) (quoting *Zimmerman v. Circuit Ct. of Miller Cnty.*, 2018 Ark. 264, at 5, 555 S.W.3d 406, 409). A judgment in any matter is only effective when the clerk marks or stamps it with the date and time and the word "filed." *Zimmerman*, 2018 Ark. 264, at 5, 555 S.W.3d at 409. Thus, a circuit court's written order controls.

omissions that—when viewed from the trial counsel's perspective over the course of the trial—could not have been the result of "reasonable professional judgment." *Id.* at 2, 645 S.W.3d at 321. Allegations without factual substantiation are insufficient. *Thomas v. State*, 2022 Ark. 12, at 4, 637 S.W.3d 268, 272. Furthermore, merely conclusory statements that one's counsel was ineffective cannot be the basis for postconviction relief. *Id.* at 4, 637 S.W.3d at 272.

As for the remaining issue of prejudice, a petitioner must affirmatively demonstrate that the deficiency resulted in a prejudicial outcome. *Id.* at 2, 645 S.W.3d at 321. They must show that there is a reasonable probability that the fact-finder's decision would have been different absent their trial counsel's deficiencies. *Id.* at 2, 645 S.W.3d at 321. This is a high bar. If a Rule 37 petition fails at the threshold issue of deficiency, we need not address the remaining prong that weighs its potential prejudicial effect. *Arnold v. State*, 2022 Ark. 191, at 12, 653 S.W.3d 781, 789.

A. Ineffective Assistance of Counsel

Barefield argues that his trial counsel was ineffective for several reasons and that the circuit court erred in finding otherwise. We parse out Barefield's claims and address them each in turn.

1. *Trial strategy*

For his first claim, Barefield alleges that assistance of counsel was ineffective in many facets regarding trial strategy. We cannot find that counsel's assistance was ineffective as the matters-in-question fell solely within the ambit of reasonable trial strategy. We address Barefield's first claim in three distinct subparts.

4

To assert his claim, Barefield relies on *McCoy v. Louisiana*, 584 U.S. 414 (2018). In *McCoy*, the Supreme Court held that the Sixth Amendment to the United States Constitution guarantees each criminal defendant the "Assistance of Counsel for his defen[s]e." *Id.* at 414. As the State points out, Barefield's use of *McCoy* in this situation is misguided and incorrect. *McCoy* bars a licensed attorney from admitting their client's guilt over the client's express objection. *Id.* at 427–28. This is not at issue presently.

The court recognizes that *McCoy* requires that some decisions are indeed "reserved for the client[.]" *Id.* at 422. Such decisions include "whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal." *Id.* However, *McCoy* also stands for the concrete notion that trial management shall always remain the "lawyer's province[.]" *Id.* Licensed attorneys have considerable discretion in providing their professional assistance, which includes determining which arguments to pursue, which evidentiary objections to raise, and what agreements to make regarding the admissibility of evidence. *Id.* This standard applies to each of the following subparts under Barefield's first claim.

a. Alleged failure to consult

First, Barefield alleges ineffective assistance of counsel when counsel did not consult with him regarding the defense of his case. Barefield fails to draw this court's attention to sufficient specific acts and/or omissions where counsel failed to consult with him in violation of the law. Barefield cites one instance where counsel failed to discuss his defense strategy with him. Specifically, Barefield asserts that counsel did not address the detailed aspects of

the murders or whether the recovered bullet casing came from Barefield's firearm or another's.

We affirm the circuit court's finding that counsel's refrain was strategic and reasonable, given the potential implications of such discussions. No fact or assertion leads us to believe that counsel abandoned his reasonable professional judgment as Barefield alleges. Counsel consulted with his client when necessary. Counsel's representation was rooted in reasonable professional judgment, and Barefield's allegations are unsubstantiated and merely conclusory. Thus, we maintain our presumption that counsel was sufficient and nonprejudicial.

### b. Alleged failure in the opening statement

Second, Barefield contends that counsel provided ineffective assistance by directing co-counsel to claim in the opening statement that Barefield potentially fired a shot from his firearm in self-defense. Barefield argues that this statement was misleading because counsel later abandoned this theory without further mention or evidence. We affirm the circuit court's finding that counsel's assistance was effective as the matter-in-question was one of shifting defense strategy and tactics.

We have held before that an attorney's failure to produce evidence presented in an opening statement can be "unreasonable and prejudicial" and thus deny criminal defendants effective assistance of counsel. *Conley v. State*, 2014 Ark. 172, at 7, 433 S.W.3d 234, 240. However, we have also noted that a defense strategy can evolve. *See id.* at 7, 433 S.W.3d at 240. Trials are long and arduous, and their ever-developing nature can "affect and alter an original defense strategy . . . ." *Id.* at 7, 433 S.W.3d at 240. Ultimately, whether a change

6

in the defense strategy rises to that of unreasonableness is determined on a case-by-case basis. *Id*. at 7–8, 433 S.W.3d at 240–41 (This court will look at the "nature and extent of the promises made in opening statement[s], any strategic justifications for the subsequent decision not to produce the evidence, the explanation provided to the jury for the failure to produce the evidence, the presentation of other evidence supporting the promised theory, and generally, the impact upon the defense at trial and upon the jury.").

As we have said before, trial counsel is afforded "great leeway" in making strategic and tactical decisions regarding the defense of their client. *Williams v. State*, 2016 Ark. 459, at 3, 504 S.W.3d 603, 605. These matters, even if arguably improvident, fall within the realm of an attorney's professional judgment and are simply not grounds for a finding of ineffective assistance of counsel. *Id*. at 3, 504 S.W.3d at 605.

Given this precedent, we affirm the circuit court's finding that counsel's trial strategy to shift his defense approach from one theory of the case to another was wholly within the bounds of reasonable professional judgment. As counsel testified in the Rule 37 hearing, the evidence presented at trial leaned heavily in favor of one theory of the case—that a shell casing was planted by the investigating law enforcement officers—versus another, unsubstantiated theory—that the shell casing was found because Barefield fired his weapon in potential self-defense. The decision whether to call witnesses or pursue a certain defense is a matter of an attorney's professional judgment. *Id*. Here, that is clearly the case. Therefore, Barefield's argument that counsel was ineffective in providing his assistance by pursuing the aforementioned theory and abandoning the latter fails.

c. Alleged failure in the use of a witness

Last, Barefield alleges that counsel's assistance was ineffective for ignoring the "raging controversy" surrounding comparative ballistics analysis and that it was error to not consult a ballistics expert. We find no such argument persuasive. As stated previously, determining the theory of the case that the defense will pursue is the epitome of trial strategy. The record indicates that counsel's defense strategy involved challenging the inconsistencies in the State ballistic expert's testimony and arguing that the shell-casing evidence had been planted by the investigating officers.

We agree with the circuit court that counsel "made clear tactical decisions" based on his defense theory of the case and that his strategy concerning the planting of evidence was supported by reasonable professional judgment. It is ultimately an attorney's choice which witnesses are best to put on the stand to testify on their client's behalf. Thus, Barefield's ineffective-assistance-of-counsel claim fails here as well.

2. *Denial of expert testimony and failure to challenge the autopsies*

For his second claim, Barefield alleges that the circuit court erred by finding that Col. Arthur Alphin was not qualified to give expert medical testimony regarding the victims' cause of death. Our jurisprudence on the qualification of expert witnesses is clear:  such decisions fall solely within the sound discretion of the circuit court. *Nelson v. State*, 2024 Ark. 24, at 20, 683 S.W.3d 177, 193. Thus, we will not reverse a circuit court's decision on who qualifies as an expert absent a clear abuse of their discretion. *Id.* at 20, 683 S.W.3d at 193. Abuse of discretion is a high threshold that does not simply require error in the circuit court's decision, but requires that the circuit court act improvidently, thoughtlessly,

or without due consideration. *Id*. at 16, 683 S.W.3d at 191. The circuit court in this matter acted well within its discretion and without error.

To determine whether one qualifies as an expert, a circuit court judge must weigh whether the witness is qualified as an expert by their "knowledge, skill, experience, training, or education," and once reconciled, they "may testify thereto in the form of an opinion or otherwise." *Nelson*, 2024 Ark. at 20, 683 S.W.3d at 193. Ultimately, circuit courts are responsible for determining, on the basis of the witness's qualification, whether they have "knowledge of a subject at hand which is beyond that of ordinary persons." *Id*. at 20, 683 S.W.3d at 193. Colonel Alphin is not a medical expert qualified to comment intelligently on the cause of the victims' death in this or any other case.

Barefield asserts that Colonel Alphin's experience consulting with medical doctors and coroners on bullet wounds and "big game" animal necropsies somehow matches the expertise of a tenured medical doctor, pathologist, or medical examiner. It is quite a stretch to equate those credentials with a formal medical background. We cannot find that the circuit court abused its discretion on the basis of these facts alone. The circuit court did not act improvidently, thoughtlessly, or without due consideration when it held that his knowledge fell below the standard of a state-licensed, formally trained medical expert. Therefore, Barefield's claim fails.

To the extent that Barefield claims counsel was ineffective for pursuing a different theory regarding the victims' head wounds and not calling Colonel Alphin as a witness, the circuit court correctly found these allegations to be conclusory. Additionally, the court correctly noted that they were unsupported by any relevant facts.

We have said before that when it comes to an ineffective-assistance-of-counsel claim and an attorney's decision to not call a witness, such matters are considered trial strategy and fall outside the purview of Rule 37. *Feuget v. State*, 2015 Ark. 43, at 5, 454 S.W.3d 734, 739. Therefore, counsel's decision to pursue a different approach and not call Colonel Alphin as a witness falls within the realm of trial strategy and is excluded from Rule 37 as a ground for a successful ineffective-assistance-of-counsel claim. Barefield fails here as well.

### 3. *Failure to request a mistrial or further relief*

For his final claim on appeal, Barefield argues that counsel was ineffective for not seeking a mistrial or any additional relief after successfully objecting to a few statements made by the prosecution during its closing arguments.

First, the decision not to request a judicial admonition is a matter of trial strategy. *Sims v. State*, 2015 Ark. 363, at 14, 472 S.W.3d 107, 117. As we have already stated several times before in our opinion, matters of trial strategy—even if improvident—fall within the trial attorney's professional judgment and are not grounds for an ineffective-assistance-of-counsel claim. *Id.* at 14, 472 S.W.3d at 117. Here, Barefield asserts that counsel was ineffective for failing to seek admonitions against the prosecution for statements made during their closing arguments.

The facts indicate that there were three instances where the prosecution made questionable "I statements." The record indicates that counsel immediately objected to each statement. In each scenario the prosecution apologized and corrected their phrasing. Counsel's reaction time and understanding of the law proves his attentiveness and the care

provided to Barefield. Any such error by the prosecution team on this matter was quickly cured, harmless, and does not warrant the dire remedy of a mistrial.

Following each objection, the prosecution and the circuit court agreed that the statements should not have been made in that manner. Thus, as the State points out, it cannot be said that counsel's decision to avoid further reprimand was anything other than trial strategy. As we held in *Sims*, the circuit court did not err for holding that such a decision was one of trial strategy. *Id*. at 14–15, 472 S.W.3d at 117. The decision to avoid further admonition was in the client's best interest as it circumvented calling more attention to the statements in front of the jury. *Id*., 472 S.W.3d at 117. Because counsel properly objected to the prosecution's statements and the circuit court sustained said objections, the prosecution was properly and equitably reprimanded for its statements. No further action was necessary or required.

Second, mistrials are not to be granted lightly. Declaring a mistrial is an extreme and drastic remedy that is appropriate only when the error at hand is so prejudicial that justice cannot be served by continuing the trial or when the fundamental fairness of the trial has been manifestly affected. *McClendon v. State*, 2019 Ark. 88, at 6, 570 S.W.3d 450, 454. Here, the facts do not rise to the level of requiring a mistrial. As the State points out, counsel noted that the prosecution's arguments came close to shifting the burden to Barefield and commented on Barefield's decision to not testify.

Counsel admonished the prosecution and reminded them that they "need to stay away from those issues" and that he would "rather stop it now than later." We agree with the circuit court that counsel's objections alone cut short any arguments that the prosecution

11

teed up when it warned the prosecution in due course to not "go there." These minute issues do not rise to the level of (1) requiring counsel to request a mistrial for his client or (2) that a mistrial would serve as an appropriate remedy here even if a request for a mistrial had been made. Thus, Barefield's claim again fails.

In sum, we hold that the Pope County Circuit Court's decision to deny Barefield's relief under Rule 37 was not clearly erroneous.

Affirmed.

Special Justice J. CLIFF MCKINNEY II joins in this opinion

KEMP, C.J., not participating.

*Jeff Rosenzweig*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.