
SLIP OPINION

Cite as 2013 Ark. 465

# SUPREME COURT OF ARKANSAS

No. CV–13–156

| | |
|---|---|
| LONOKE COUNTY, ARKANSAS; LONOKE COUNTY JUDGE DOUG ERWIN; AND LONOKE COUNTY QUORUM COURT MEMBERS JOE FARRER, JANNETTE MINTON, LARRY ODOM, TIM LEMONS, BARRY WEATHERS, ALEXIS MALHAM, ADAM SIMS, ROBERT LYNCH, ROBERT SONNY MOERY, BILL RYKER, MIKE DOLAN, and HENRY LANG<br><br>APPELLANTS<br><br>V.<br><br>CITY OF LONOKE, ARKANSAS and LONOKE DISTRICT COURT<br>APPELLEES | **Opinion Delivered** November 14, 2013<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. CV-12-44]<br><br>HONORABLE THOMAS LYNN WILLIAMS, JUDGE<br><br><br><br>AFFIRMED IN PART; REVERSED IN PART. |

**JOSEPHINE LINKER HART, Associate Justice**

Lonoke County and its county judge and quorum-court members ("the County") appeal from the Lonoke County Circuit Court's order issuing a writ of mandamus requested by the City of Lonoke and the Lonoke District Court ("the City"). The County argues that the circuit court erred in issuing the writ, as the circuit court misconstrued both a 1991 order entered by the circuit court and statutory amendments to Arkansas Code Annotated section 16-17-115. Further, the County argues that the circuit court erred in awarding attorney's fees to the City. We affirm the circuit court's issuance of the writ but reverse the court's award of attorney's fees.

SLIP OPINION

A "writ of mandamus" is "an order of the circuit court granted upon the petition of an aggrieved party or the state when the public interest is affected, commanding an executive, judicial, or ministerial officer to perform an act or omit to do an act, the performance or omission of which is enjoined by law." Ark. Code Ann. § 16-115-101(1) (Repl. 2006). A writ of mandamus is issued to enforce an established right or to enforce the performance of a duty. *Brown v. Gibson*, 2012 Ark. 285, at 2, ___ S.W.3d ___, ___. The writ is issued where (1) the duty to be compelled is ministerial and not discretionary, (2) the petitioner has shown a clear and certain right to the relief sought, and (3) the petitioner lacks any other adequate remedy. *Id.*, ___ S.W.3d at ___. As an applicant for an extraordinary writ, the petitioner carries the burden to demonstrate that the relief he seeks is merited. *Id.*, ___ S.W.3d at ___.

The record establishes that in 1991, the cities of Carlisle and Lonoke requested a writ of mandamus to require Lonoke County to pay one-half of the judicial and clerk salaries and a portion of the expenses of the municipal courts in those cities. In support of its petition, the cities cited Arkansas Code Annotated section 16-17-115 (Supp. 1989) (the "1987 statute"), which provided in part as follows:

> Except as authorized otherwise, the county wherein a municipal court is held shall pay one-half (1/2) of the salaries of the judge and the clerks of the municipal courts organized in that county . . . and the quorum court . . . shall, at its annual meeting, make an appropriation of a sum sufficient to pay the county's proportion of the expenses of all such municipal courts.

On March 29, 1991, the circuit court entered an order (the "1991 order") that stated in pertinent part as follows:

> Now on this 29th day of March, 1991 . . . the court hereby finds:
> . . . .

2

2. That the cities of Carlisle and Lonoke and Lonoke County have entered into an agreement to resolve and fully and finally settle this Lawsuit and the issues raised therein as follows:

a. Beginning January 1, 1991, the County shall pay one-half of the municipal judges and clerks' salaries and its proportionate share of expenses based upon the salaries which the Municipal Judges and Clerks of said cities receive.

. . . .

e. County shall pay a proportionate share of cities' municipal court expenses.

. . . .

5. It is the intent of the parties herein to follow the statutory authority in Arkansas as it pertains to . . . the sharing of court costs between counties and municipalities. In the event that law is amended or voided, then this agreement shall be amended to reflect then existing statutory law.

The 1987 statute[1] was amended in 2007 with an effective date of January 1, 2012.

Arkansas Code Annotated section 16-17-115 (Repl. 2010) (the "2012 statute"), provides in

pertinent part as follows:

(a) Except as authorized otherwise, the county wherein a district court is held shall pay one-half (1/2) of the salaries of the district judge and each chief court clerk of any district court organized in that county . . . and the quorum court . . . shall, at its annual meeting, make an appropriation of a sum sufficient to pay the county's proportion of the expenses of any such district court. . . .

(b)(1)(A) Except as authorized otherwise, the town or city in which a district court is held shall pay:

(i) One-half (1/2) of the salaries of the district judge and the chief court clerk; and

(ii) The operational expenses of the district court organized in that town or city . . . unless otherwise agreed to by the political subdivisions which contribute to the expenses of the district court.

(B) The governing body of the town or city in a town or city . . . shall make at its annual meeting an appropriation of a sum sufficient to pay the town's or city's proportion of the salaries and operational expenses of the district court.

In its 2012 petition for writ of mandamus, the City asserted that it was seeking a writ

"directing the County of Lonoke to obey the [1991 order] as it relates to funding the Lonoke

---

[1]A 2003 amendment to the statute changed "municipal court" to "district court."

3

SLIP OPINION

District Court." The City's petition alleged that the County now contended that the 2012 statute allowed the County "to ignore the [1991 order] and reduce its obligation to require it to pay only one-half of the judge's salary and one-half of the chief clerk's salary and nothing more." The City asserted in its petition that "[n]othing in the law invalidates the existing agreement incorporated into the [1991 order]." The City asked that a writ of mandamus be issued commanding the County "to pay the county's proportionate share of expenses for the Lonoke District Court as ordered by the Circuit Court of Lonoke County in [the 1991 order]." The City further asked that the court "sanction" the County by an award of attorney's fees and costs.

The County filed an answer and moved to dismiss the petition. After a hearing, the circuit court issued a writ of mandamus and awarded attorney's fees. In the order, the court found as follows:

> This Court finds and Orders the County of Lonoke to abide by the March 29, 1991, Order . . . as it relates to the sharing of costs and expenses . . . for the District Court. This Court finds that the Lonoke County Quorum Court on March 26, 1991, approved the settlement and agreed to pay its proportionate share of the salaries and expenses as set forth in the Court Order. Nothing in the current law changes that agreement.
>
> The Quorum Court of the County of Lonoke should pay one-half the costs for the District Court Judge's salary, one-half of the two court clerk's salaries and a proportion of the court's expenses as specified in that Order. . . .
>
> Further, this Court finds that the City has expended legal fees in furtherance of its legal action [and] . . . [t]he County should reimburse the City for those fees in the amount of [$5,350] for the expenses in enforcing the Agreement between the parties.

The County appeals, arguing that the circuit court misconstrued both the 2012 statute and the 1991 order, and thus it erred in issuing the writ of mandamus and in awarding attorney's fees to the City. In its argument, the County asserts that the 2012 statute, in



conjunction with the 1991 order, reduced the County's funding obligations from that set out in the 1991 order. Specifically, the County asserts that, giving effect to the specific language of the 1991 order that it was the "intent of the parties herein to follow the statutory authority in Arkansas as it pertains to . . . the sharing of court costs between counties and municipalities," and that "[i]n the event that law is amended or voided, then this agreement shall be amended to reflect then existing statutory law," we should apply the 2012 statute. The County asserts that the 2012 statute requires a county to pay only one-half of the salaries of the district judge and each chief court clerk and a city is required to pay the other one-half of the salaries, as well as the operational expenses of the district court. The County acknowledges that the 2012 statute permits a city to "otherwise agree[ ]" with "the political subdivisions which contribute to the expenses of the district court." The County argues, however, that the 1991 order could not constitute such an agreement, as the County could not, in 1991, have "otherwise agreed" to a division of payments provided for in a statute that was not in effect until 2012.

In this case, we are required to construe the 2012 statute. We review issues of statutory construction de novo. *Brock v. Townsell*, 2009 Ark. 224, at 9, 309 S.W.3d 179, 185. In construing a statute, meaning and effect are given to every word in the statute if possible. *Id.*, 309 S.W.3d at 186. We reconcile statutory provisions to make them consistent, harmonious, and sensible. *Id.*, 309 S.W.3d at 186.

We hold that the circuit court properly issued the writ, and we agree with the circuit court's conclusion that the County was required to abide by the 1991 order and that nothing

in the 2012 statute changed the effect of the 1991 order. The 1987 statute and the 2012 statute are virtually the same regarding a county's obligations, as under both versions a county is required to "make an appropriation of a sum sufficient to pay the county's proportion of the expenses." Thus, in our view, both statutes allowed for a county to pay a proportion of the district court's expenses in addition to the salaries. We agree with the County that the 1991 order reflected that it was the intent of the parties to follow statutory law as amended by the 2012 statute. In doing so, the 1991 order incorporated the language of the 2012 statute—"unless otherwise agreed to by the political subdivisions which contribute to the expenses of the district court." This language in the 2012 statute was new statutory language, as it was not in the 1987 statute, but was contemplated by the 1991 order. Likewise, this language in the 2012 statute anticipated that there could be or were agreements between a county and a city regarding division of payments. Thus, this new language in the 2012 statute preserved existing agreements between a county and a city. Accordingly, we conclude that the circuit court properly issued a writ of mandamus ordering the County to abide by the 1991 order, and we affirm the circuit court on this point.[2]

In the second point on appeal, the County challenges the award of attorney's fees to the City. In its argument, the County asserts that there is no statute expressly authorizing the award of attorney's fees following the issuance of a writ of mandamus. The City contends that

---

[2]The County attempts to bolster its argument by citing article 12, section 5 of the Arkansas Constitution and stating that a county cannot "agree to pay an amount to any entity that it is not legally required to pay," and that the County "could not and did not agree to make a gift of public funds by paying amounts it is not required to pay." The 2012 statute, however, preserved the division of payments set out in the 1991 order.

SLIP OPINION

SLIP OPINION

the action sounded primarily in contract, and attorney's fees may be awarded in a civil action for breach of contract. Ark. Code Ann. § 16-22-308 (Repl. 1999). Particularly, the City notes that the 1991 order provided that the City and the County "entered into an agreement to resolve and fully and finally settle this Lawsuit," and because the underlying cause for the writ of mandamus is an action to enforce an agreed order, attorney's fees were warranted.

Attorney's fees are not allowed except where expressly provided for by statute. *Hanners v. Giant Oil Co. of Ark., Inc.*, 373 Ark. 418, 425, 284 S.W.3d 468, 474 (2008). The *Hanners* court held that attorney's fees were not recoverable in declaratory-judgment cases, even when the underlying dispute arose from a contract, as nothing in Arkansas's statutory law governing declaratory judgments allowed the court to award attorney's fees, "even where the underlying dispute arises from a contract," and because the party "prevailed in a declaratory-judgment action, and not a breach-of-contract action, the circuit court did not have discretion to award attorney's fees pursuant to § 16-22-308." *Id.* at 426, 284 S.W.3d at 475. Similarly, the City prevailed on its petition for a writ of mandamus, not a breach-of-contract action, and nothing in Arkansas's statutory law on mandamus actions permits recovery of attorney's fees even if a writ of mandamus is an action to enforce an underlying agreed order. Accordingly, we hold that the circuit court erred in awarding attorney's fees and reverse the award.

Affirmed in part; reversed in part.

DANIELSON, J., concurs.

BAKER and GOODSON, JJ., dissent.

**PAUL E. DANIELSON, Justice, concurring.** I concur with the majority that the

7

General Assembly did not intend to do away with agreements between counties and cities to share the operating expenses of district courts. I write simply to encourage the General Assembly to reexamine and possibly clarify the verbiage of the statute as it is not necessarily the epitome of clarity.

**KAREN R. BAKER, Justice, dissenting.** While I agree with the majority's reversal of the award of attorney's fees, I disagree with the majority's holding that the circuit court properly granted the writ of mandamus. Therefore, I dissent.

The 1991 agreed order provided as follows:

> It is the intent of the parties herein to follow the statutory authority in Arkansas as it pertains to . . . the sharing of court costs between counties and municipalities. In the event that law is amended or voided, then this agreement shall be amended to reflect then existing statutory law.

The existing statutory law changed effective January 1, 2012. Prior to that date, Arkansas Code Annotated section 16-17-115 provided that a county must pay one-half of the salaries of the judges and the clerks of the municipal courts organized in that county. Ark. Code Ann. § 16-17-115 (Supp. 1989). Under the new statute, a county is required to pay one-half of the salaries of the district judge and the chief court clerk of the district court, and the town or city is required to pay one-half of the salaries of the district judge and the chief court clerk and the "operational expenses" of the district court, "unless otherwise agreed to by the political subdivisions which contribute to the expenses of the district court." Ark. Code Ann. § 16-17-115 (Repl. 2010).

While the majority concludes that the "unless otherwise agreed" provision preserved preexisting agreements, I must disagree. The amended statute provided a new division of

8

payments between a county and a city. Nothing in the statute suggests that it preserved agreements that existed prior to the enactment of the new statute. Further, it is illogical to suggest that Lonoke County could reject, in 1991, a division of payments that was not in effect until 2012.

The majority notes that under both the old and new version of the statute, a county is required to "make an appropriation of a sum sufficient to pay the county's proportion of the expenses of any such district court." This language, however, does nothing more than refer to the statute's directive that a county is required to pay one-half of the salaries of the district judge and the chief court clerk of the district court. Moreover, the statute as amended specifically sets out a city's payment obligations, one-half of the salaries of the district judge and the chief court clerk; and the operational expenses of the district court.

The statute provides that the town or city shall pay as follows:

(i) One-half (1/2) of the salaries of the district judge and the chief court clerk; and
(ii) The operational expenses of the district court organized in that town or city under the provisions of § 16-17-901 et seq. *unless otherwise agreed to by the political subdivisions which contribute to the expenses of the district court.*

Ark. Code Ann. § 16-17-115(b)(1)(A) (Repl. 2010) (emphasis added). The political subdivisions here have not agreed otherwise. Accordingly, I would vacate the writ of mandamus. Had the General Assembly intended previously existing agreements to remain binding under the new law, they could have so provided. They did not. In determining legislative intent, we observe a strict rule of construction against retroactive operation and indulge in the presumption that the General Assembly intended statutes enacted by it to operate prospectively only and not retroactively. *Jackson v. Sparks Reg'l Med. Ctr.*, 375 Ark.



533, 294 S.W.3d 1 (2009). Further, we do not add words to a statute to convey a meaning that is not there. *See Kildow v. Baldwin Piano & Organ*, 333 Ark. 335, 969 S.W.2d 190 (1998). Here, the majority interprets the statute as saying "unless *previously* otherwise agreed," an interpretation that is not bourne out by the specific language of the statute.

The General Assembly set out a new division of payments between a county and a town or city, and I am loathe to reject the General Assembly's specific directives. Therefore, I must dissent.

GOODSON, J., joins this dissent.

*Rainwater, Holt & Sexton*, by: *Jason E. Owens*, for appellant.

*Camille Williams Bennett*, City Attorney, City of Lonoke, for appellee.