KENNETH S. HIXSON, Judge
Appellant Michelle Davis appeals from a final order dismissing her complaint in favor of appellee Van Buren School District. On appeal, appellant contends that the circuit court erred in ruling that the job-performance records at issue are not subject to disclosure under the Freedom of Information Act (FOIA), Arkansas Code Annotated sections 25-19-101 through -110 (Repl. 2015). We affirm.
*468 I. Relevant Facts
Appellant filed her complaint on March 2, 2017, under FOIA to compel appellee to provide all records of the Van Buren School District pertaining to two investigations involving altercations that occurred between her son and two teachers within the school district. Appellant alleged that the first incident occurred at the Van Buren Freshman Academy on September 14, 2015, and the second incident occurred at Northridge Middle School on September 9, 2016. She further alleged that it was her belief that no action was taken against the teacher involved in the first incident but that the teacher responsible for the second incident had been terminated. Appellant stated that the superintendent of the Van Buren School District, Dr. Harold Jeffcoat, refused her FOIA request in an email stating, "The records you have requested were generated as a result of allegations related to the employee's job performance. The District does not have any non-exempt records responsive to your request under FOIA." Therefore, in her complaint, appellant prayed for a hearing, for an order requiring appellee to make available the records she requested, and for reasonable attorney's fees and costs.
Appellee filed its answer and affirmatively pleaded the following:
14. Defendant affirmatively pleads the records requested by Plaintiff constitute employee evaluation or job performance records, which shall be open for public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records from a basis for the decision to suspend or terminate the employee and if there is a compelling interest in their disclosure. See Ark. Code Ann. § 25-19-105(c)(1).
15. Defendant affirmatively pleads the documents requested by Plaintiff were generated as a result of allegations related to an employee's job performance, and therefore constitute a job performance record, and they were not used in the final administrative resolution of any suspension or termination proceeding of the employee, and therefore they are exempt from disclosure.
16. Defendant affirmatively states there are other compelling public interest reasons which preclude disclosure of the requested documents, pursuant to Ark. Code Ann. § 25-19-105(c)(1).
Thereafter, appellant filed a motion to compel answers to her requests for interrogatories and production of documents. A hearing on appellant's motion to compel and on her complaint was held on March 13, 2018.[1] Regarding appellant's complaint, the parties argued their respective positions at the hearing. At the outset, appellant stated, "I don't think there's really any disputed facts here. It's really just a legal determination for the Court to make whether the exemption that the school district is alleging is valid or not." Appellant argued that the records are not exempt under FOIA. Regarding records from the first incident, appellant argued that any investigative report should not be considered a job-performance or employee-evaluation record because nothing was ultimately done to the employee. Instead, she argued that any report should be considered a personnel record that is subject to disclosure. Regarding records from the second incident, appellant argued that the records should be disclosed under the section 25-19-105(c) exception because the *469 employee was either terminated as a result of the investigative report or resigned as part of an agreement in lieu of being suspended or terminated.
Appellee disagreed and argued that records from both incidents are exempt under section 25-19-105. In both incidents, there was no final administrative resolution or any decision to suspend or terminate. It was undisputed that the employee involved in the first incident was not suspended or terminated. Appellee further explained that although the employee involved in the second incident ultimately resigned, the employee did not do so based on any agreement with appellee. Rather, the employee proffered a resignation when confronted with the allegations and was told that the matter was under investigation.
At the conclusion of the hearing, the circuit made the following oral ruling:
I think at this point without more than what we have Mr. Holmes [appellant's counsel] I'm going to have to deny your request. I mean, I understand the kind of predicament that you're in, but it appears that at least the exemption here protects, if you want to call that, the school from disclosure. My, again, my - it's my - my problem is I can't distinguish based on what's been said that there may not be something that I would call an incident report or something that describes what's going on, but at this point with their argument and declaration that there isn't anything that is of that nature then I don't think I can allow your request. So it will be denied.
The circuit court subsequently filed a written final order on March 28, 2018, making the following relevant findings:
1. Plaintiff filed this action seeking records from two (2) separate incidents relating to alleged abuse of her special needs son by employees of the Van Buren School District, pursuant to the Freedom of Information Act, A.C.A. § 25-19-105.
2. Defendant, Van Buren School District, denied the request, claiming that the personnel records constitute employee evaluation or job performance records, which shall be open for public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling interest in their disclosure.
3. The Court finds that the Plaintiff has not presented sufficient evidence to the Court that would demonstrate that the records requested do not fall within the exemption claimed by the Defendant and that the records are employee evaluation or job performance records pursuant to A.C.A. § 25-19-105(c)(1), and therefore Plaintiff's Complaint is hereby dismissed.
This appeal followed.
II. Standard of Review
The applicability of FOIA is a question of statutory interpretation, which we review de novo, because it is for this court to determine the meaning of a statute. Harrill & Sutter, PLLC v. Farrar , 2012 Ark. 180, 402 S.W.3d 511. We are not bound by the decision of the circuit court. Thomas v. Hall , 2012 Ark. 66, 399 S.W.3d 387. However, in the absence of a showing that the circuit court erred in its interpretation of the law, its interpretation will be accepted as correct on appeal. Id. We liberally interpret FOIA to accomplish its broad and laudable purpose that public business be performed in an open and public manner. Fox v. Perroni , 358 Ark. 251, 188 S.W.3d 881. Furthermore, this court broadly construes the Act in favor of *470 disclosure. Thomas, supra. In conjunction with these rules of construction, we narrowly construe exceptions to FOIA to counterbalance the self-protective instincts of the government bureaucracy. Id. A statutory provision for nondisclosure must be specific. Id. Less than clear or ambiguous exemptions will be interpreted in a manner favoring disclosure. Id. At the same time, we will balance the interests between disclosure and nondisclosure, using a common-sense approach. Id.
III. The FOIA Request
Appellant conceded at the hearing that the essential facts surrounding the records at issue are not in dispute-simply the exempt status under FOIA based on appellee's allegations. Appellant contends on appeal that the circuit court erred in ruling that the job-performance records at issue were not subject to disclosure under FOIA. We disagree.[2]
Appellant correctly states that the burden of proving exemptions to FOIA rests with the keeper of the requested records claiming the exemption. Orsini v. State , 340 Ark. 665, 13 S.W.3d 167 (2000). Appellant first argues that the circuit court erred by placing the burden of proof on her to prove that the records are subject to disclosure. The portion of the final order with which appellant takes issue is as follows:
The Court finds that the Plaintiff has not presented sufficient evidence to the Court that would demonstrate that the records requested do not fall within the exemption claimed by the Defendant and that the records are employee evaluation or job performance records pursuant to A.C.A. § 25-19-105(c)(1), and therefore Plaintiff's Complaint is hereby dismissed.
Appellee responds that appellant misinterprets the circuit court's order in light of the court's comments at the hearing and states that the circuit court was referring to appellant's failure to present persuasive legal authority to support her argument that the employee's resignation was actually a constructive termination. Regardless of the circuit court's meaning, we hold under our de novo review that the records were not subject to disclosure.
Our supreme court has held that for a record to be subject to FOIA and available to the public, it must (1) be possessed by an entity covered by the Act, (2) fall within the Act's definition of a public record, and (3) not be exempted by the Act or other statutes. Nabholz Constr. Corp. v. Contractors for Pub. Prot. Ass'n , 371 Ark. 411, 266 S.W.3d 689 (2007). The first criterion is not at issue in this case. Although the general policy in Arkansas is for all public records to be "open to inspection" under FOIA unless they are specifically exempted, the legislature has determined that the public interest in maintaining an effective public-employee-evaluation system and in the privacy interests of its employees requires that "employee evaluation or job performance records" be treated differently. Hyman v. Sadler for Ark. State Police , 2018 Ark. App. 82, at 5, 539 S.W.3d 642, 644 (quoting Thomas , 2012 Ark. 66, at 6-7, 399 S.W.3d at 391 ). These records are subject to disclosure only in certain circumstances. Id.
Arkansas Code Annotated section 25-19-105 provides in relevant part,
(b) It is the specific intent of this section that the following shall not be *471 deemed to be made open to the public under the provisions of this chapter:
....
(12) Personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy;
....
(c)(1) Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
Our supreme court has approved the following definition of employee-evaluation or job-performance records: "[A]ny records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents." Thomas , 2012 Ark. 66, at 8-9, 399 S.W.3d at 392 ; see also Hyman, supra.
In Thomas , our supreme court further explained that although attorney general opinions are not binding on the court, the General Assembly has specifically said that attorney general opinions should be used for guidance in the FOIA context. Thomas, supra. Moreover, our supreme court has looked in the past to attorney general opinions for guidance when no case had addressed the issue at hand. Id. With approval, our supreme court cited in Thomas the following examples of employee-evaluation and job-performance records from various attorney general opinions:
The Attorney General has opined that records such as letters of recommendation or termination, letters of reprimand, and other disciplinary records are classified as "job performance records." Op. Ark. Att'y Gen. No. 76 (1993). Also generally covered by the "employee evaluation and job performance" exemption are records that reflect administrative action in response to or in connection with a complaint and records of investigations into alleged employee misconduct. Op. Ark. Att'y Gen. No. 342 (1996) (emphasis added); see also Op. Ark. Att'y Gen. No. 261 (1997) (including "documents such as written reprimands, letters of caution, letters related to promotions or demotions, and documents upon which a recommendation for dismissal was based" within the definition of "job performance records").
We further note that section 25-19-105(c)(1) provides that employee-evaluation and job-performance records include "preliminary notes and other materials." The Attorney General has explained that this language was intended to encompass " 'incident reports' routinely compiled by supervisors, who may use such documents detailing employee performance in preparing the formal evaluation." Op. Ark. Att'y Gen. No. 076 (1993) (citing John J. Watkins, The Arkansas Freedom of Information Act (M & M Press 1988) ) (emphasis added). Thus, the intent of the provision seems to be to exempt not only the 'end product,' which is the evaluation itself, but also other documents from which the evaluation report was prepared. Id. Such supporting materials include, as opined by the Attorney General, "incident reports, supervisors' memos, and transcripts of investigations, including witness statements." Op. Ark. Att'y Gen. No. 095 (2002) ; see also Op. Ark. Att'y Gen. No. 127 (1994).
*472 Thomas , 2012 Ark. 66, at 9-10, 399 S.W.3d at 392-93.
Here, according to appellant's complaint and the attached exhibits, she requested records that pertained to the investigations of two incidents involving her son. The records she requested fit within the definition of employee-evaluation and job-performance records and the examples provided in the attorney general opinions cited by our supreme court in Thomas . See Thomas, supra. Appellant's suggestion that the records at issue here were the equivalent of "use-of-force reports" the Thomas court found not to be exempt is unavailing. Thomas discussed whether routine "use-of-force reports" created by police officers were exempt from disclosure as employee-evaluation and job-performance records under FOIA. Id. Ultimately, our supreme court held that they are subject to disclosure. In relevant part, our supreme court held that the reports at issue were not employee-evaluation or job-performance records because the reports were not prepared by the police officer's supervisor, nor did the reports contain any notation or comments about the officer's conduct by the supervisor. Thomas, supra. The same is not true here. There was no evidence presented to suggest that the records at issue were not created by the employer regarding the employee's performance with regard to specific incidents as appellee affirmatively pleaded in its answer. Thus, Thomas is distinguishable and inapplicable to the records at issue in this case.
Appellant's additional argument that the records fit within the narrow exception allowing disclosure as provided under section 25-19-105(c)(1) is equally unavailing. There was no evidence to suggest that there was a final administrative resolution of any suspension or termination proceeding at which the records at issue formed a basis for the decision to suspend or terminate the employee. It was undisputed that neither employee was suspended or terminated as a result of the records at issue. Rather, appellant argued that the employee's resignation following the second incident amounted to a constructive termination under the guidance of Attorney General Opinion 2007-061, which suggested that there may be circumstances in which a resignation could be considered a constructive termination. Even if it were true that a resignation could amount to a constructive termination under certain circumstances, about which we offer no opinion, we cannot say that those circumstances existed here. Appellee explained at the hearing that the employee voluntarily resigned after the incident when the employee was told that the matter was under investigation. Appellee further explained that the resignation was not the result of any negotiation with the employee. Under these circumstances, the employee resigned before any administrative hearing, resolution, or appeal even took place. Thus, the job-performance records requested by appellant are exempt from disclosure and do not fit the narrow exception permitting their disclosure as outlined in section 25-19-105(c)(1). Accordingly, we affirm the circuit court's decision.
Affirmed.
Abramson and Virden, JJ., agree.

The circuit court ultimately denied appellant's motion to compel, which is not at issue on appeal.

The issue before us is limited to whether the records appellant requested were exempt from a request pursuant to FOIA. We offer no opinion as to whether these records would be discoverable in the course of a private action under Arkansas Rule of Civil Procedure 26.