PHILLIP T. WHITEAKER, Judge
Appellant Cindy Gillespie, in her capacity as director of the Arkansas Department of Human Services ("Department"), appeals a Pulaski County Circuit Court order granting in part appellee Reed Brewer's request for documents under the Arkansas Freedom of Information Act (FOIA). On behalf of the Department, Gillespie argues that the trial court erred because the documents are not subject to disclosure under FOIA. Because the Department has already released the disputed documents, we dismiss the appeal as moot and do not address the merits of the arguments raised on appeal.
I. Factual and Procedural History
This appeal involves a request by Brewer pursuant to the Arkansas Freedom of Information Act seeking information contained in the personnel file of one of the Department's employees. Before addressing the actual request at issue in this appeal, we provide a short analysis of FOIA. FOIA sets forth a general policy for all public records to be "open to inspection" unless they are specifically exempt. Hyman v. Sadler for Ark. State Police , 2018 Ark. App. 82, 539 S.W.3d 642. Our supreme court has held that for a record to be subject to FOIA and available to the public, it must (1) be possessed by an entity covered by the Act, (2) fall within the Act's definition of a public record, and (3) not be exempt by the Act or other statutes. Nabholz Constr. Corp. v. Contractors for Pub. Prot. Ass'n , 371 Ark. 411, 266 S.W.3d 689 (2007). In this appeal, it is undisputed that the Department is an entity covered by the Act and that the documents requested by Brewer are public records within the Act's definition. The issue of controversy between the parties is whether the requested documents are subject to, or exempt from, disclosure. Under FOIA, the legislature has determined that "employee evaluation or job performance records" should be treated differently than other personnel records based on the public's interest in maintaining an effective *62 public-employee-evaluation system and in the privacy interests of its employees. Hyman, supra. Thus, FOIA contains a general exemption provision for the disclosure of personnel records, Ark. Code Ann. § 25-19-105(b)(12) (Supp. 2017), and a specific exemption provision for the disclosure of employee-evaluation or job-performance records, Ark. Code Ann. § 25-19-105(c)(1).
On July 2, 2018, Brewer filed a FOIA request with the Department requesting documents from the personnel file of a former employee, Leslie Rutledge,[1] along with any correspondence between Ms. Rutledge and the Department since she left its employ. More specifically, the request sought "evaluations, records related to disciplinary history, suspension, complaints, termination and/or resignation and do-not-rehire requests, human resources memorandums or notes, and related emails" and any communication sent to or received by any employee of the Department, whether internal or external, regarding her personnel file or the aforementioned documents. On July 5, 2018, the Department requested an extension of five business days because the material requested contained personnel information, some of which required redaction or permission for disclosure. Brewer did not agree to the extension, and the Department did not provide the documents as requested. Despite not having been provided the requested documents, Brewer took no immediate action. On July 25, 2018, the Department again requested another extension until August 3, 2018, so that it could complete its search for the requested emails. In response, Brewer agreed to an extension for personnel-related information until the close of business on July 27, 2018.[2] The Department complied with the extension date.
On July 27, 2018, the Department provided Brewer with fifty-one pages of information from Ms. Rutledge's personnel file. The Department redacted and omitted information that it asserted was not subject to disclosure under FOIA. The documents redacted and omitted by the Department consisted of eight pages. These eight pages consisted primarily of a counseling statement[3] dated May 1, 2007; a career-ladder-incentive program (CLIP)[4] eligibility and rating form with instructions dated March 30, 2007, and a form generated by the Department in January 2009 in response to a payment of an unemployment-benefits claim filed by Ms. Rutledge.
On August 9, 2018, Brewer filed a complaint in the Pulaski County Circuit Court, alleging that the Department had violated FOIA by failing to release certain personnel and employee-evaluation records related to Ms. Rutledge. His complaint raised three basic contentions: (1) Ms. Rutledge is currently the state's chief law enforcement officer and is entrusted with millions of taxpayer dollars; (2) she was formerly employed by the Department and was terminated by it; and (3) the Department's termination of Ms. Rutledge *63 likely meant there was conduct that could have undermined the public trust, compromised public safety, or was possibly even illegal. Thus, Brewer took the position that there was a compelling public interest in releasing Ms. Rutledge's job-performance records since those records would shed light on how a high-level law enforcement official handled internal government workings and either did or did not comply with the public funds and responsibilities entrusted to her. He also claimed that because Ms. Rutledge was a public figure who had willingly put her job performance in the public spotlight, the release of these records would not be a clearly unwarranted invasion of personal privacy. The Department answered the complaint, asserting that Ms. Rutledge had not been terminated but had voluntarily resigned in 2007; that certain emails requested by Brewer were not available and had been automatically deleted from its computer system after five years of retention; and that the documents were not subject to FOIA.
The circuit court scheduled a hearing on the controversy between the parties. At the hearing, the court conducted an in camera review of the eight pages in dispute.[5] It also heard testimony from Mark White, the deputy director of the Division of Aging, Adult, and Behavioral Health Services-the only witness to testify. Concerning the seven pages of documents at issue, White testified that the documents were Ms. Rutledge's personnel records that would be held to the invasion-of-privacy standard under FOIA. More specifically, he testified that in 2014, the Department had received a similar request for Ms. Rutledge's records while he was chief counsel for the Department. At that time, he reviewed the records to determine whether they were employee-evaluation records. He determined that the records were employee-evaluation records that could be released only if Ms. Rutledge had been terminated or suspended. He concluded that Ms. Rutledge had not been terminated or suspended but had voluntarily resigned. White reached this conclusion based on a letter of resignation from Ms. Rutledge and a request-for-personnel-action form indicating that the termination of employment was voluntary. He acknowledged that the request-for-personnel-action form for Ms. Rutledge contained an initial designation of "01," which signified a "voluntary" end of employment and that was later replaced with the notation "Termination, 21, see attached email." He further admitted that "Code 21" means "gross misconduct," that this designation signified she was not eligible for rehire, and that as a result of this designation the Department communicated to the Employment Security Department that Ms. Rutledge had been terminated for gross misconduct.[6] Despite this acknowledgment, he insisted that "Code 21" had been assigned improperly after the fact; that he saw no indication of any disciplinary process that had been initiated or was in progress at the time of her resignation; and that he saw no evidence that this was a resignation in lieu of termination.
At the conclusion of the hearing, the trial court ruled from the bench. In its *64 ruling, the court considered two separate subdivisions of FOIA, Ark. Code Ann. § 25-19-105(b)(12) and (c)(1). The court found that the documents were clearly disclosable under subsection (b)(12) of the statute and that there was enough of an issue as to whether Ms. Rutledge was terminated or resigned to require production of the documents. The court specifically stated that the ruling would not be effective until a written order was entered. Three days later, the final written order was filed. In the order, the court made the following conclusions of law:
13. The court is extremely concerned by the actions taken, or those failed to be taken, by the Department of Human Services relating to Ms. Rutledge's official personnel file.
....
Testimony was presented that DHS had received a similar FOIA request in 2014 and that DHS knew about the subject eight pages. From the record presented before the court, DHS did absolutely nothing, either in 2014 or at any point in time subsequent to 2014, to make an official correction, if an official correction was in fact warranted, to Ms. Rutledge's personnel record to show that she resigned as opposed to being terminated for "gross misconduct." At the hearing, DHS orally took the position, through both argument and testimony, that its written records in Ms. Rutledge's personnel file were false, and that Ms. Rutledge was not terminated for gross misconduct.
14. This court has no opinion and makes no finding or conclusion as to whether Ms. Rutledge resigned or was terminated in 2007.
15. This matter, however, is an action pursuant to the FOIA. The request was for the disclosure of official records. The official records indicate Ms. Rutledge was terminated for gross misconduct.
....
22. The refusal to provide the seven pages submitted for in camera review in the white envelope labeled "Performance Related" was in violation of the Arkansas FOIA. Such documents are open to inspection under the FOIA.
....
24. The eight pages ordered released herein are "personnel records."
25. Disclosure of the eight pages ordered released further the public interests established by the Arkansas Supreme Court in Stilley[7] and Young .[8]
26. Disclosure of the subject eight pages does not constitute "a clearly unwarranted invasion of personal privacy."
27. The subject eight pages are open to public inspection pursuant to both A.C.A. § 25-19-205(b)(12) [sic] and A.C.A. § 25-19-105(c)(1).
28. It has been more than a month and a half since the FOIA request was submitted to the defendant. The Arkansas General Assembly has established an expedited procedure for the hearing and resolution of FOIA disputes. Accordingly, the defendant is ordered to email the subject documents to counsel for the plaintiff by 5:00 p.m. today.
Rather than requesting a stay of the trial court's order pending appeal, the Department provided the disputed documents to Brewer by the court-ordered deadline. The notice of appeal was timely filed the next day.
*65 II. Analysis
On appeal, the Department argues that the trial court erred when it found that the Department had improperly withheld these seven pages from its FOIA response. We need not address the merits of the Department's argument, however, because we find the issues before us to be moot.
Generally, an issue is considered moot if any judgment or opinion issued by the court would have no practical effect upon a then existing legal controversy. Poland v. Poland , 2017 Ark. App. 178, 518 S.W.3d 98. A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal. Id. We do not render advisory opinions, and an opinion rendered on an issue that is moot would be advisory. Id.
Here, the Department has already released the documents at issue to Brewer, and they cannot be unreleased even if we were to determine there was error. Accordingly, we hold that there is no live controversy for this court to resolve, and the case is moot. The Department, however, argues that mootness alone does not foreclose our consideration of issues on appeal because exceptions to the mootness doctrine apply. We disagree.
We have recognized two exceptions to the mootness doctrine: matters capable of repetition yet evading review and matters of substantial public interest that are likely to be litigated in the future. See Protect Fayetteville v. City of Fayetteville , 2019 Ark. 28, at 3, 566 S.W.3d 105, 108. We will now consider whether either of these exceptions apply.
The first exception, an issue capable of repetition yet evading review, arises when the justiciable controversy will necessarily expire or terminate before adjudication. See Wright v. Keffer , 319 Ark. 201, 203, 890 S.W.2d 271, 272 (1995). This exception has two prongs: (a) the issues are capable of repetition and (b) they evade review. Wilson v. Walther , 2017 Ark. 270, at 13-14, 527 S.W.3d 709, 717 (Womack, J., dissenting). The issues raised here, while capable of repetition, are not doomed to evade review if not addressed herein for a couple of reasons. First, the Department could have requested a stay of the trial court's order while the issue was appealed. The Department did not do so. Second, it is not impossible for the issues raised herein to reach our court as a live controversy, and the fact that it did not do so here is no reason to apply an exception to mootness. In fact, we decided the same or similar issues as those raised herein in Davis v. Van Buren School District , 2019 Ark. App. 157, 572 S.W.3d. 466.
The second exception, matters of substantial public interest that are likely to be litigated in the future, applies when considerations of substantial public interest or the prevention of future litigation are present. See Duhon v. Gravett , 302 Ark. 358, 360, 790 S.W.2d 155, 156 (1990). This exception to the mootness doctrine likewise has two prongs: (a) that there be a substantial public interest in the issues being considered and (b) that addressing such issues, despite their being otherwise moot, would prevent future litigation. See Wilson , supra (Womack, J., dissenting). Here, while we acknowledge that there may be a substantial public interest in the release of potentially adverse employee evaluations of a constitutional officer, addressing the issues raised here at this time would not prevent further litigation. The issues presented here are fact specific to Ms. Rutledge and her tenure with the Department; the documents in question have already been released; and the issues *66 raised have already been addressed by us in Davis, supra. Thus, our exercise of the public-interest exception to mootness would not be prudent based on the facts and circumstances presented here.
The exceptions to the mootness doctrine are not automatic. We retain the choice "as to whether we may elect to settle an issue" that is moot. Duhon , 302 Ark. at 360, 790 S.W.2d at 156. And we do not improvidently utilize either exception. See Protect Fayetteville , 2019 Ark. 28, at 3, 566 S.W.3d at 108 (collecting cases). For the reasons set forth above, we dismiss this appeal as moot.
Appeal dismissed.
Klappenbach and Vaught, JJ., agree.

Ms. Rutledge is currently the attorney general of the State of Arkansas.

He further agreed to an extension on non-personnel-file related emails until August 3, 2018.

Counseling statements are used to document violations of the employee-conduct standard in those situations in which the employee is not actually being disciplined.

A CLIP documents an employee's competency and performance in certain designated categories rating the employee's performance on a scale of 1 to 5, with a 5 meaning "always meets, and frequently exceeds performance expectations" and a 1 meaning "frequently fails to meet performance expectations."

While the disputed documents consisted of eight pages, on appeal, the Department challenges the court's ruling as to only seven of the pages.

The Department made this communication on workforce services forms made in connection with Ms. Rutledge's unemployment claims. The court ruled that the Department's failure to provide this one-page document was in violation of the Arkansas FOIA. The Department does not challenge the trial court's ruling with respect to this one-page document.

Stilley v. McBride , 332 Ark. 306, 965 S.W.2d 125 (1998).

Young v. Rice , 308 Ark. 593, 826 S.W.2d 252 (1992).