Cite as 2026 Ark. App. 54

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-24-341

| | |
|---|---|
| CHANEY TAYLOR, IN HIS OFFICIAL CAPACITY AS INDEPENDENCE COUNTY, ARKANSAS, DISTRICT COURT JUDGE<br><br>APPELLANT | Opinion Delivered January 28, 2026<br><br>APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT [NO. 32CV-21-61] |
| V. | HONORABLE HOLLY MEYER, JUDGE |
| INDEPENDENCE COUNTY, ARKANSAS, JUDGE ROBERT GRIFFIN, IN HIS OFFICIAL CAPACITY AS INDEPENDENCE COUNTY JUDGE<br><br>APPELLEE | AFFIRMED |

**WENDY SCHOLTENS WOOD, Judge**

This declaratory-judgment action involves a dispute between Independence County Judge Robert Griffin (County Judge Griffin) and Independence County District Court Judge Chaney Taylor (District Judge Taylor) over the hiring of a deputy district court clerk. As it relates to this appeal, the Independence County Circuit Court found that County Judge Griffin acted within his authority under amendment 55 to the Arkansas Constitution when he refused to hire the deputy clerk. District Judge Taylor raises four points on appeal. We affirm.

In 2020, the budget committee of the Independence County Quorum Court (quorum court) approved a 2021 budget that included five Independence County District

Court (district court)[1] clerks—one chief clerk and four deputy clerks. County Judge Griffin did not veto the budget, which was enacted as a county ordinance. Subsequently, Tamra Parsley, one of the four deputy clerks, retired after twenty-nine years of service. When District Judge Taylor tried to hire a deputy clerk to replace Parsley in early 2021, County Judge Griffin instructed County Clerk Tracey Mitchell "not to sign anyone up for that [vacant deputy clerk] position." County Judge Griffin told the quorum court at a February meeting that he wanted to transfer the funds budgeted for the vacant deputy clerk position to law enforcement.

At a March 2021 quorum court budget committee meeting, County Judge Griffin issued County Court Order 21-40 (Order 21-40), titled "Concerning the Replacement of a Deputy District Court Clerk." In Order 21-40, County Judge Griffin stated that Independence County lacked the authority to approve the hire of a deputy district court clerk because District Judge Taylor failed to obtain the approval of the City of Batesville to

---

[1]At the time this lawsuit was filed, the Fourteenth Judicial District Court was a state district court composed of Independence County with one department located in Batesville and one state district court judge, who is elected districtwide and has districtwide jurisdiction. *See* Ark. Code Ann. § 16-17-1110(11)(A) (Supp. 2025). However, beginning January 1, 2025, and after the proceedings in this case concluded, the legislature changed the composition of the Fourteenth Judicial District to include Independence, Fulton, and Izard Counties with departments located in Batesville, Melbourne, Calico Rock, Horseshoe Bend, Salem, and Mammoth Spring. Ark. Code Ann. § 16-17-1116(a) (Supp. 2025). The Fourteenth Judicial District continues to be served by one state district court judge, who is elected districtwide and has districtwide jurisdiction. *Id.*

appoint a deputy clerk as required by Arkansas Code Annotated section 16-17-106.[2] When

a second deputy clerk vacancy occurred in 2021, County Judge Griffin emailed the county

clerk and the county treasurer stating that he would not allow the vacancy to be filled.

On April 21, the Independence District Court (District Court) filed this declaratory-

judgment action seeking a declaration that Order 21-40 was unlawful and that District Judge

Taylor was not required to petition the City of Batesville pursuant to section 16-17-106 to

hire a replacement deputy district court clerk. Shortly thereafter, the District Court filed an

amended petition for declaratory judgment and notice of appeal, stating that it was appealing

Order 21-40. District Judge Taylor was later substituted as the plaintiff.

The circuit court held a hearing on November 30, 2023, and two issues were

presented: (1) whether District Judge Taylor is required to comply with Arkansas Code

Annotated section 16-17-106(a) as set forth in Order 21-40; and (2) whether County Judge

Griffin exceeded his authority under amendment 55 to the Arkansas Constitution when he

refused to allow District Judge Taylor to fill a vacant deputy district court clerk position or,

stated another way, whether County Judge Griffin had the authority to hire or not hire a

deputy district court clerk.

On February 1, 2024, the circuit court entered an order finding that District Judge

Taylor was not required to comply with section 16-17-106(a) because the district court is not

---

[2]Section 16-17-106(a)(1) provides that the "judge of the district court of any city in this state may, with the approval of the governing body of the city, appoint one (1) or more deputy district court clerks to serve under the judge's supervision." Ark. Code Ann. § 16-17-106(a)(1) (Supp. 2025).

a court of a city but rather a state district court. The circuit court next found that County

Judge Griffin acted within his authority under amendment 55 when he refused to hire a

deputy district court clerk. Finally, the circuit court found that because District Judge Taylor

"was not sued personally, but in his official capacity as a county judge, a county cannot be

accused of acting ultra vires." District Judge Taylor timely appealed the circuit court's second

and third findings.[3]

This appeal involves the interplay between all three divisions of county government.

Arkansas Code Annotated section 14-14-502 sets forth these three divisions:

> (a) DIVISION. The powers of the county governments of the State of Arkansas shall be divided into three (3) distinct departments, each of them to be confined to a separate body, to wit: Those that are legislative to one, those that are executive to a second, and those that are judicial to a third.
>
> (b)(1) LEGISLATIVE. All legislative powers of the county governments are vested in the quorum court. The people reserve to themselves the power to propose county legislative measures and to enact or reject them at the polls independent of the quorum court. The people also reserve to themselves the power, at their option, to approve or reject at the polls any entire ordinance enacted by a quorum court.
>
> (2) EXECUTIVE.
>
> (A) The executive divisions of a county government shall consist of:
>
> (i) The county judge, who shall perform the duties of the chief executive officer of the county as provided in Arkansas Constitution, Amendment 55, § 3, and as implemented in this chapter and who shall preside over the quorum court without a vote but with the power of veto;
>
> . . . .

---

[3]The circuit court's first finding—that District Judge Taylor is not required to comply with section 16-17-106(a)—favored District Judge Taylor. County Judge Griffin did not cross-appeal this finding.

(3) JUDICIAL. The judicial divisions of a county government are vested in the county court, except with respect to those powers formerly vested in the county court which, by the provisions of Arkansas Constitution, Amendment 55, are to be performed by the county judge, and in the respective courts of this state as provided by law.

(c) LIMITATIONS. No person or collection of persons being one of these departments, legislative, executive, or judicial, shall exercise any power belonging to either of the others, except in the instances expressly directed or permitted.

Ark. Code Ann. § 14-14-502 (Repl. 2013).

District Judge Taylor first argues that the Independence County Court (County Court) lacked subject-matter jurisdiction to enter Order 21-40. District Judge Taylor contends that the County Court does not have authority to simply "issue orders" without statutory or rule-based authority and that the "order" was not issued in the context of "any process." District Judge Taylor acknowledges that this argument was not raised below but correctly asserts that subject-matter jurisdiction may be raised for the first time on appeal. *See, e.g., Jonesboro Healthcare Ctr., LLC v. Eaton-Moery Env't Servs., Inc.*, 2011 Ark. 501, at 7, 385 S.W.3d 797, 801.

"Subject-matter jurisdiction implicates a court's authority to hear and decide a particular type of case." *Cherokee Nation Businesses, LLC v. Gulfside Casino P'ship*, 2023 Ark. 153, at 5, 676 S.W.3d 368, 372. A court's subject-matter jurisdiction comes from the Arkansas Constitution or constitutionally authorized statutes or court rules. *Id.* at 6, 676 S.W.3d at 372.

Notably, Order 21-40 is styled as an order of the "county court" and purports to decide a matter before that "court." The order cites Arkansas Code Annotated section 14-14-1105 and discusses the jurisdiction of the County Court. The findings made in the order are purported to be on behalf of the County Court. By all accounts, Order 21-40 appears to be a County Court order. However, as argued by District Judge Taylor, there is nothing in the record to indicate that there was ever any judicial proceeding before the County Court invoking that court's jurisdiction. *See* Ark. Code Ann. §§ 14-14-502, -1105 (Repl. 2013).

In contrast, the conclusion in Order 21-40 appears to be an executive action of County Judge Griffin as the chief executive officer of the county. *See* Ark. Code Ann. §§ 14-14-1101, -1102 (Repl. 2013); Ark. Const. amend 55, § 3. Order 21-40 is signed by County Judge Griffin. But section 14-14-1102(a) expressly states that "executive powers of the county judge as enumerated in Arkansas Constitution, Amendment 55, § 3, are to be performed by him or her in an executive capacity and *not by order of the county court*." Ark. Code Ann. § 14-14-1102(a) (emphasis added).

Assuming that Order 21-40 is void, it has no significance to this appeal. The order addressed only one of two questions presented to the circuit court: whether District Judge Taylor was required to comply with section 16-17-106. The circuit court found that District Judge Taylor was not so required, and this finding is not on appeal.[4]

---

[4]It is the second question that was presented to the circuit court—whether County Judge Griffin had the authority under the Arkansas Constitution to refuse to hire the deputy clerk—that is the subject of this appeal. The circuit court found that County Judge Griffin

We next address District Judge Taylor's primary point on appeal—whether County Judge Griffin had the authority to refuse to hire the deputy clerk. As he did below, District Judge Taylor contends on appeal that County Judge Griffin did not have the authority to refuse to hire the deputy clerk and that his refusal was "ultra vires"—beyond the scope of his authority. District Judge Taylor's argument requires us to construe constitutional amendments and statutes that set forth the authority of the county judge and the quorum court. We review issues of statutory construction de novo. *Lonoke Cnty. v. City of Lonoke*, 2013 Ark. 465, at 5, 430 S.W.3d 669, 672. In construing a statute, meaning and effect are given to every word in the statute if possible. *Id.*, 430 S.W.3d at 672. We reconcile statutory provisions to make them consistent, harmonious, and sensible. *Id.*, 430 S.W.3d at 672.

The circuit court found that County Judge Griffin was within his authority under amendment 55 when he refused to allow District Judge Taylor to fill the deputy district court clerk position. The circuit court further found that to the extent County Judge Griffin's decision was based on fiscal reasons, he articulated a reasonable basis for his decision.[5]

---

did have authority to refuse to hire the deputy clerk, and District Judge Taylor has appealed that finding. That finding is unrelated to Order 21-40.

[5]County Judge Griffin explained that before he was elected, there were county budget issues. He stated that "Category Bs" were created to help balance the budget, identify an ongoing crisis, and note positions that could be cut. He said that "[a]nalytics showed that [the deputy district court clerks] were tasked . . . with one transaction every 45 minutes," which he claimed demonstrated a surplus of labor. Therefore, one deputy district court clerk position was designated a Category B on the 2021 budget that could be eliminated. He testified: "If you're going to cut, the appropriate time to cut is when there's a vacancy and not to take a job away from someone." County Judge Griffin saw Parsley's retirement as an opportunity to eliminate what he believed to be an unnecessary position.

Section three of amendment 55 to the Arkansas Constitution sets forth the powers

of the county judge:

> The County Judge, in addition to other powers and duties provided for by the Constitution and by law, shall preside over the Quorum Court without a vote but with the power of veto; authorize and approve disbursement of appropriated county funds; operate the system of county roads; administer ordinances enacted by the Quorum Court; have custody of county property; hire county employees, except those persons employed by other elected officials of the county.

Ark. Const. amend. 55, § 3.[6] Section four of amendment 55 sets forth the powers of the

quorum court:

> In addition to other powers conferred by the Constitution and by law, the Quorum Court shall have the power to override the veto of the County Judge by a vote of three-fifths of the total membership; fix the number and compensation of deputies and county employees; fill vacancies in elective county offices; and adopt ordinances necessary for the government of the county. The Quorum Court shall meet and exercise all such powers as provided by law.

Ark. Const. amend. 55, § 4.

District Judge Taylor argues that the quorum court is authorized under amendment

55 to "the fix the number and compensation of deputies and county employees." Ark. Const.

amend. 55, § 4. He further argues that once the budget is approved, County Judge Griffin

has no authority to alter, amend, modify, or change it without another vote by the entire

quorum court. Further, District Judge Taylor asserts that the deputy clerk position had

already been funded and approved by the quorum court in the 2021 budget and that the

position was approved by County Judge Griffin (by not vetoing the budget). District Judge

---

[6]This authority is codified at Arkansas Code Annotated sections 14-14-1101 and -1102 (Repl. 2013).

Taylor contends that the action of County Judge Griffin issuing Order 20-41 was "calculated to bypass all the checks on executive authority established by the Amendment, including legislative authority granted the Quorum Court." District Judge Taylor argues that County Judge Griffin's authority is limited to ensuring budgets are carried out and used for the purpose for which they are approved and that he has the authority to cut positions or expenditures only when funds run short or during an emergency. District Judge Taylor asserts that because neither situation occurred here, County Judge Griffin acted outside his authority in refusing to hire the deputy clerk. District Judge Taylor contends that County Judge Griffin's authority was limited to the veto of the quorum court, which he did not exercise, and that he was required to return to the quorum court for it to make the decision not to hire the deputy clerk.

The language of sections 3 and 4 of amendment 55 do not support District Judge Taylor's arguments. The quorum court has the power to "fix the number and compensation of the deputies and county employees" under amendment 55, section four; however, the county judge has the power "to authorize and approve disbursement of appropriated county funds" and the power to "hire county employees, except those persons employed by other elected officials of the county." Ark. Const. amend 55, §§ 3, 4; Ark. Code Ann. § 14-14-1101.[7] Therefore, even though the quorum court is constitutionally authorized to fix the

---

[7]It is undisputed that the deputy district court clerks are county employees on the county payroll and that a district judge is a state employee and paid by the State.

number and compensation of county employees, the county judge has the constitutional authority to disburse appropriated funds and hire county employees. There is nothing in the constitution requiring the county judge to hire for a position fixed by the quorum court. Rather, that hiring and disbursement authority is given to the county judge. Accordingly, we affirm the circuit court's finding that County Judge Griffin acted within the authority vested in him under the law.

District Judge Taylor also challenges the circuit court's finding that because County Judge Griffin "was not sued personally, but in his official capacity as county judge, a county cannot be accused of acting ultra vires." District Judge Taylor contends that this finding "has no basis in Arkansas law" because while the State is generally immune from suit, when an agency of the State (the county court in this case) acts outside the scope of its authority, the ultra vires exception to sovereign immunity applies in an action for declaratory relief. *See, e.g., Fitzgiven v. Dorey*, 2013 Ark. 346, at 13, 429 S.W.3d 234, 241–42; *Monsanto Co. v. Ark. State Plant Bd.*, 2019 Ark. 194, at 9–10, 576 S.W.3d 8, 13 ("Where a claim is based on alleged ultra vires conduct on the part of the State, and the claimant seeks only declaratory and injunctive relief, sovereign immunity is inapplicable."). District Judge Taylor also argues under this point that this finding of the circuit court is "effectively irrelevant given that the [circuit] court ruled on the merits of the authority of the county [judge]."

We need not address the circuit court's ultra vires finding because, as conceded by District Judge Taylor, the finding is "irrelevant" or moot. Generally, an issue is considered moot if any judgment or opinion issued by the court would have no practical effect upon a

10

then-existing legal controversy. *Gillespie v. Brewer*, 2019 Ark. App. 275, at 8, 577 S.W.3d 59, 65. A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal. *Id.*, 577 S.W.3d at 65. We do not render advisory opinions, and an opinion rendered on an issue that is moot would be advisory. *Id.* at 8–9, 577 S.W.3d at 65.

While the circuit court found that because County Judge Griffin "was not sued personally, but in his official capacity as county judge, a county cannot be accused of acting ultra vires," the circuit court also found that County Judge Griffin had the authority to act (did not act ultra vires) under amendment 55 to the Arkansas Constitution. The ultra vires question was answered when the circuit court found that County Judge Griffin had the authority to refuse to hire the deputy clerk. Therefore, any ruling by this court on whether the circuit court erred in finding that District Judge Taylor was required to sue County Judge Griffin personally so that the county can be accused of acting ultra vires has no practical effect and is moot. Because any review of this argument would now constitute an advisory opinion, we decline to reach it.

For his final point on appeal, District Judge Taylor asserts that County Judge Griffin ratified District Judge Taylor's authority to hire a deputy clerk. Specifically, District Judge Taylor contends that County Judge Griffin had numerous opportunities to alter, amend, change, or reduce the 2021 district court budget and eliminate one deputy clerk position before issuing Order 21-40, and his failure to do so ratified the quorum court's determination.

Although the ratification argument was raised in the circuit court, the circuit court did not rule on this issue. Therefore, the argument is not preserved for our review. *Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark. 328, at 11, 422 S.W.3d 116, 122.

Affirmed.

HIXSON and BROWN, JJ., agree.

*Morrison Law Firm, PLLC*, by: *Zachary W. Morrison*, for appellant.

*Jason Owens Law Firm, P.A.*, by: *Jason E. Owens*, for appellee.