Cite as 2026 Ark. App. 220

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CV-25-53

| | |
|---|---|
| PULASKI COUNTY SPECIAL SCHOOL DISTRICT; CHARLES MCNULTY, IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF THE PULASKI COUNTY SPECIAL SCHOOL DISTRICT AND CUSTODIAN OF CERTAIN RECORDS; AND VALERIE BAILEY, IN HER OFFICIAL CAPACITY AS PUBLIC INFORMATION SPECIALIST | Opinion Delivered April 8, 2026 |
| | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION [NO. 60CV-24-4563] |
| APPELLANTS | HONORABLE MACKIE M. PIERCE, JUDGE |
| V. | |
| RUSSELL R. RACOP | AFFIRMED |
| APPELLEE | |

**ROBERT J. GLADWIN, Judge**

Appellants, Pulaski County Special School District; Charles McNulty, in his official capacity as superintendent and custodian of certain records; and Valerie Bailey, in her official capacity as public information specialist (collectively, the "District"), appeal from the circuit court's order requiring disclosure of certain personnel records pursuant to the Arkansas Freedom of Information Act (FOIA), Arkansas Code Annotated sections 25-19-101 to -112 (Repl. 2024). The circuit court concluded that the suspensions referenced in appellee Russell R. Racop's request had reached a "final administrative resolution" within the meaning of

Arkansas Code Annotated section 25-19-105(c)(1). The District argues that the suspensions were not final because the matters had not been presented to the District's school board. We affirm.

Racop submitted a FOIA request seeking certain personnel records related to certified employees who had been suspended with or without pay. The request referenced an email sent by the District identifying multiple certified employees who had received suspensions. The District denied the request, asserting that the requested records constituted employee-evaluation or job-performance records that were exempt from disclosure because the disciplinary matters had not reached a final administrative resolution.

Racop appealed the denial to the circuit court. Following a hearing, the circuit court found that the employees referenced in Racop's request had no remaining administrative appeals available within the District's policies and procedures and that the suspensions had therefore reached a final administrative resolution under the FOIA. The court ordered the requested records produced subject to the statutory redactions permitted by section 25-19-105(b) pursuant to its order filed on October 2, 2024.

The District filed a motion for findings of fact and conclusions of law on October 9, which was deemed denied due to lack of action by the circuit court. The District filed its timely notice of appeal on October 29, and this appeal followed.

The FOIA was enacted to ensure that public business is performed in an open and public manner. *See* Ark. Code Ann. § 25-19-102. Accordingly, the act is liberally construed in favor of disclosure, and exemptions are narrowly construed. *See Ark. State Police v. Wren*,

2016 Ark. 188, 491 S.W.3d 124; *Pulaski Cnty. v. Ark. Democrat-Gazette, Inc.*, 370 Ark. 435, 260 S.W.3d 718 (2007); *Young v. Rice*, 308 Ark. 593, 826 S.W.2d 252 (1992). Issues of statutory interpretation are reviewed de novo. *See Ark. Dep't of Corr. v. Shults*, 2017 Ark. 300, 529 S.W.3d 628. Although we defer to the circuit court's factual findings unless they are clearly erroneous, we review de novo the ultimate question of whether records must be disclosed under the FOIA. *See Myers v. Fecher*, 2021 Ark. 230, 638 S.W.3d 495.

Under section 25-19-105(c)(1), employee-evaluation or job-performance records are subject to disclosure only when three conditions are met: (1) there has been a final administrative resolution of a suspension or termination proceeding; (2) the records formed a basis for the decision to suspend or terminate the employee; and (3) there is a compelling public interest in disclosure. The dispute in this case concerns the first requirement—whether the suspensions identified in Racop's request had reached a "final administrative resolution."

The District argues that a disciplinary matter cannot reach a final administrative resolution until the matter is presented to the District's school board. Because the suspensions at issue were not reviewed by the board, the District contends that the disciplinary proceedings remained incomplete.

We agree with the circuit court's finding that the FOIA does not support such a rigid interpretation. The statute requires only that there be a "final administrative resolution" of a suspension or termination proceeding; it does not require that the matter proceed to the highest governing authority of the public entity before the resolution becomes final.

3

Arkansas appellate courts have explained that a final administrative resolution occurs when the disciplinary decision has been made and the employing entity's internal administrative process has been completed. *See Hyman v. Sadler*, 2018 Ark. App. 82, 539 S.W.3d 642; *Thomas v. Hall*, 2012 Ark. 66, 399 S.W.3d 387; *Stilley v. McBride*, 332 Ark. 306, 965 S.W.2d 125 (1998).

Here, the circuit court found that the suspensions referenced in Racop's FOIA request had reached the end of the District's disciplinary process and that no additional administrative review remained available within the District. That finding is supported by the record. Although the circuit court acknowledged that it is a vague area of the law and that the statute is not clear on that particular provision, it analogized the disciplinary process to the appellate process within the court system in making its decision. Specifically, the circuit court referenced that the District's policy provides the levels of appeal: from the principal's decision to the superintendent, from there to the school board, and finally from there to the circuit court. The policy provides a window of time within which such a decision may be appealed from one level to the next, similar to a circuit court order being appealed to this court or the Arkansas Supreme Court.

The circuit court pointed out that if no appeal is taken within the applicable time limit, and no further internal administrative review remains available, the disciplinary matter has reached a final administrative resolution for purposes of the FOIA. There is no language in the statute requiring the possibility of additional discretionary review by a governing body in order for the resolution to be final. Any exemption from disclosure is to be narrowly

4

construed, and the keeper of the requested records has the burden of proving the records are exempt from disclosure. *See Ark. Dep't of Com. v. Legal Aid of Ark.*, 2022 Ark. 130, 645 S.W.3d 9.

The District also argues that the available administrative remedies had not been exhausted because the disciplinary matters were not presented to the school board. The exhaustion doctrine requires only that available administrative remedies be pursued before resorting to the courts. When no additional administrative remedies remain available within the agency or governmental entity, exhaustion has occurred. Because the circuit court determined that the suspensions had reached the end of the District's administrative process and that no further review was available, logic dictates that the available administrative remedies had been exhausted.

The District relies primarily on *Davis v. Van Buren School District*, 2019 Ark. App. 157, 572 S.W.3d 545, but we hold that *Davis* does not control under these particular facts. In *Davis*, we held that the requested records were exempt from disclosure because the employee had voluntarily resigned during the employer's investigation before any disciplinary decision had been reached. *Id.* The employee's resignation ended the disciplinary process before the employer could reach a final administrative resolution. *Id.*

The circumstances in this case are materially different. The employees whose records are at issue did not resign during an ongoing investigation. Instead, disciplinary action in the form of suspension was imposed through the District's administrative process. The circuit court found that those suspensions had reached the end of the District's disciplinary

5

policy and procedures and that no further administrative review remained available. Thus, unlike the proceedings in *Davis*, the disciplinary proceedings here were completed rather than prematurely terminated by the employee's resignation. Because the suspensions reached the end of the District's administrative process, the statutory requirement of a final administrative resolution was satisfied.

In light of the FOIA's strong presumption in favor of disclosure and the narrow construction given to its exemptions, we hold that the circuit court correctly concluded that the suspensions in question had reached a final administrative resolution and that any available administrative remedies had been exhausted. Accordingly, the circuit court did not err in ordering the District to produce the requested records subject to the redactions permitted by the FOIA.

Affirmed.

VIRDEN and THYER, JJ., agree.

*Bequette, Billingsley & Kees, P.A.*, by: *Jay Bequette* and *W. Cody Kees*, for appellants.

*Russell Racop*, pro se appellee.